346 So.2d 1236 (1977)
CHRYSLER AIRTEMP, a Division of Chrysler Corporation, a Foreign Corporation Authorized to Do Business in Florida, Appellant,
v.
Jean Roth STEVENS and Jane L. Roth, and Crest Engineering, Inc., a Florida Corporation, Appellees.
No. 76-659.
District Court of Appeal of Florida, Second District.
June 15, 1977.
*1237 Thomas J. Roehn of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellant.
Edward D. Carlson of Carlson & Meissner, Clearwater, for appellees Jean Roth Stevens and Jane L. Roth.
BOARDMAN, Chief Judge.
Appellant/defendant, Chrysler Airtemp, appeals a final judgment entered upon a jury verdict in favor of appellees/plaintiffs, Jean Roth Stevens and Jane L. Roth. The jury returned a verdict against the defendants, Crest Engineering, Inc. and Chrysler Airtemp, awarding damages to appellees in the sum of "$7,000.00 to be shared equally." After trial Chrysler filed a motion for a new trial, motion for judgment non obstante veredicto, motion for judgment in accordance with its motions for directed verdict, motion for remittitur, and motion for arrest of judgment. Following a hearing the trial court entered an order denying all posttrial motions. Chrysler then timely filed notice of appeal, but Crest did not join in this appeal of the final judgment.
We reverse and hold that the trial court erred in not granting Chrysler's motion for directed verdict.
Appellees sought damages against Chrysler and Crest on four theories: breach of express written warranties, breach of implied warranty of fitness for a particular purpose, negligent manufacture of a heater and air conditioner, and negligent installation of the heating and air conditioning system. The trial judge, however, instructed the jury on the theory of express warranty only. In light of the evidence presented at trial the instructions were fair and proper and were not objected to by any party.
Appellees entered into a written contract with Otto-Glass Enterprises, a building contractor, to build a house for them. During the course of the construction, Otto-Glass entered into a written contract with Crest to install the heating and air conditioning system in the house. Crest ordered an oil furnace and air conditioner from Chrysler. Crest designed the duct system and fixed the location of the furnace and air conditioner. The size of the duct was determined by Crest as was the size and type of equipment to be used. Appellees received two written warranties from Chrysler covering the furnace and air conditioner which both provided in pertinent part:
Airtemp Division of Chrysler Corporation, hereinafter referred to as "Airtemp" warrants its products to be free from defects in material and workmanship, under normal use and service, and will, within one year from the date of original installation, repair or replace parts F.O.B. Dayton, Ohio, which in its judgment are defective in workmanship or material and which are returned freight prepaid to its Dayton, Ohio, plant or other designated point.
* * * * * *
... No claim under this warranty will be honored if the equipment covered has been misused, mis-applied [sic], neglected, damaged in transit or has been tampered with or changed in any way.
...
This warranty is in lieu of all other warranties expressed or implied, including but not limited to implied warranties of merchantability or fitness for a particular purpose.
It is clear from the express terms of the warranties that Chrysler warranted only the material and workmanship of its products. After careful review of the record, *1238 including the exhibits and testimony, we conclude that appellees did not establish by substantial, competent evidence that a defect existed in the material or workmanship which would constitute a breach of Chrysler's express warranty of the furnace and air conditioner. We cannot find a scintilla of evidence of such a defect and, in fact, the evidence tended to show that problems which occurred were caused by the installment of the equipment and design of the duct system.
We are cognizant of the applicable rules and decisional law of this state that a motion for directed verdict should be cautiously granted and that in considering such a motion all inferences of fact should be construed most strictly in favor of the non-moving party. 2 Fla.Jur. Appeals § 302 (1963). In the instant case, however, the evidence was legally insufficient to support a verdict for appellees against Chrysler and a directed verdict should have been granted. See, e.g., First American Farms, Inc. v. Marden Manufacturing Co., 255 So.2d 536 (Fla.1st DCA 1972).
For the above reasons, the judgment rendered against appellant is set aside and vacated, and the trial court is instructed to enter a directed verdict in favor of Chrysler.
In view of our disposition of this issue the other points raised on appeal need not be resolved.
REVERSED and REMANDED for proceedings consistent with this opinion.
HOBSON and McNULTY, JJ., concur.