456 A.2d 211

**William C. RIES and Mallory Ries, husband and wife,**

**v.**

**MTD PRODUCTS, INC., a Corporation; National Independent Distributor Associates, Inc., a Corporation, Luigi P. Nudi, and Patrick V. Nudi t/d/b/a Bike N' Things, a Pennsylvania partnership,**

**Appeal of MTD PRODUCTS, INC. and National Independent Distributor Associates, Inc.**

Superior Court of Pennsylvania.

Argued June 15, 1982.

Filed Feb. 4, 1983.

John Wesley Jordan, IV, Pittsburgh, for appellant.

Jay W. Dawson, Pittsburgh, for appellees.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The Plaintiff-Appellees instituted this products liability action in the lower court to recover damages arising out of injuries which the Plaintiff wife suffered as a result of an accident which occurred while she was riding a bicycle on May 27, 1976. The cause of action was instituted in assumpsit and trespass against the manufacturer of the bicycle, MTD Products, Inc., (hereinafter referred to as "MTD"), the distributor, National Independent Distributor Associates, Inc. (hereinafter referred to as "NIDA"), and the retailer, Patrick V. Nudi, t/d/b/a Bikes N' Things (hereinafter referred to as "Bikes N' Things"). The case was tried by a jury in the lower court. While the trial was in process, the Plaintiffs settled their claim against Bikes N'

Things and executed a joint tort-feasor release as to that Defendant. Before the issues were submitted to the jury for its consideration, the Plaintiffs dropped their claim against NIDA.

The jurors were instructed to answer special interrogatories rather than to render a general verdict. The special interrogatories pertinent to this appeal, and the answers thereto were:

. "1. Was the bicycle in question in a defective condition when manufactured by MTD Products, Inc. and sold by Bikes N' Things to the plaintiffs on May 8, 1976? ANSWER: Yes or No. ___Yes.___

2. If your answer to the preceding interrogatory is yes, was the defective condition which you found in the bicycle a substantial factor in bringing about the plaintiff's injuries? ANSWER: Yes or No. ___Yes.___

3. Do you find that defendant Bikes N' Things was negligent in connection with its assembly and inspection or subsequent repair and reassembly of the bicycle? ANSWER: Yes or No. ___No.___ "

Based upon these answers by the jury, the trial judge indicated he would mold the verdict into a nonsuit in favor of NIDA and a general verdict against MTD and Bikes N' Things in the amount of the damages fixed by the jury. MTD thereafter filed motions for judgment n.o.v. and for a new trial, which were considered and denied by the lower court *en banc*. The court subsequently issued an Opinion and Order denying MTD's motions and stating that Plaintiffs were entitled to a judgment against MTD and NIDA. The instant appeal followed by MTD, raising several claims of error.[1]

---

**1.** While both MTD and NIDA are listed as the Appellants on this appeal, no issue has been raised as to the lower court's order indicating that a judgment should be entered against both, despite the fact that earlier indications were that a nonsuit would be entered for NIDA. It appears that a judgment may have been entered only against MTD. In any event, as this problem has not been raised as an issue by either listed Appellant on this appeal, we cannot address it.

Prior to any discussion of the contentions raised by MTD on this appeal, it is appropriate that we briefly note the evidence that was presented at trial by the parties. The record shows that the Plaintiffs established their purchase of the bicycle in question from Bikes N' Things on May 8, 1976 and the delivery of it a couple of days later. It had been manufactured by MTD, and sold to Bikes N' Things by NIDA, in the same condition. The final assembly of the bicycle was performed by Bikes N' Things. That process included the installation and adjustment of the front wheel, handlebars, seat, pedals, and brakes for both front and rear wheels.

About a week after the Plaintiffs received the bicycle, the chain came off while the Plaintiff husband was riding. The chain was replaced by Bikes N' Things the next day and the bike operated without further problems until May 27, 1976. On that date, the Plaintiff wife was injured when the rear brake failed to function, the bicycle began to "wobble" and the front wheel suddenly turned, all causing her to fall. The Plaintiffs presented an expert witness who opined that the accident was caused by an excessively wavy rear wheel, a loose and improperly assembled rear axle bearing, and an overly tightened rear brake anchor bolt which required a precise adjustment.

The Appellant MTD argues that the lower court in its instructions to the jury incorrectly extended the law in Pennsylvania to a new extreme which establishes a manufacturer's liability for a defect which first arises after he sells his product to another party in the distribution chain. MTD contends that the law in our Commonwealth does not impose such liability on a manufacturer. Further, MTD maintains that the lower court's charge compelled the jurors to find the Appellant responsible for the defects which caused the accident, even if the jurors rejected the Plaintiffs' evidence and fully accepted the defense expert testimony which exculpated the Appellant from guilt for negligence in the manufacture. Finally, MTD asserts that even if it were found that it was liable for Bikes N' Things'

improper assembly of the bicycle, the liability of MTD would be secondary to the primary liability of Bikes N' Things. After a careful review of the record and analysis of the legal issues presented, we find no merit in the Appellant's contentions. We reach that conclusion because it is clear that the jurors determined that MTD was itself negligent in its manufacture of the bicycle in question.

Our analysis of the Appellant's position prompted our initial reference to the lower court's charge. There we found, as Appellant contended, the trial judge appeared to have instructed the jury in a way that would advance the scope of a manufacturer's liability in a manner not previously addressed to our knowledge in any reported decision by a court in our Commonwealth. In that regard, the record shows that the court instructed the jury that a manufacturer could be held liable for defects in a product which it sells in a partially assembled condition, to be further assembled by another, because the manufacturer thereby gives an implied guarantee that the final assembly will be properly performed.[2] The parties to this appeal have each offered lengthy arguments as to whether or not the lower court erred in this statement of the law.[3] We need not resolve that conflict or issue however, as our review of the rest of

---

**2.** The specific charge on this point was:

"Now, the term 'defective condition' is not limited to defect in design or manufacture. The seller of such a product must provide it with every element to make it safe for use. Now, where it is contemplated, like the facts show in the case, because the manufacturer assembles part of this product and sends it to somebody else to assemble the rest of it, when it is contemplated that the product would be assembled by another, there is an implied guarantee that such assembly would be properly done, so that a manufacturer of such a product cannot be absolved from liability when he knowingly relies on another to put the product in a finished state."

**3.** In contending that the lower court was correct on the point of a manufacturer's possible liability for the negligence of another in the later assembly of a product only partially assembled by the manufacturer when sold, the Appellee refers us to cases in other jurisdictions which have adopted such a theory. See *Caporale v. Raleigh Industries of America, Inc.*, 382 So.2d 849 (Fla.App.1980); *Sabloff v. Yamaha Motor Co.*, 113 N.J.Super. 279, 273 A.2d 606 (App.Div.), aff'd, 59 N.J. 365, 283 A.2d 321 (1971); and *Vandermark v. Ford Motor Co.*, 61 Cal.2d 256, 37 Cal.Rptr. 896, 391 P.2d 168 (1964).

the record convinces us that the jury did not base its conclusions upon that theory.

The lower court also clearly instructed the jurors that the manufacturer of a product could be held liable for defects in its condition which made it unsafe at the time it left the manufacturer's control. Specifically, the court used the following words:

"The manufacturer of a product is the guarantor of its safety. The product must, therefore, be provided with every element necessary to make it safe for use, and without any condition that would make it unsafe for use. So that if you find that the product at the time it left the manufacturer's control, lacked any element necessary to make it safe for use or contained any condition that made it unsafe for use, then the product is considered to be in a defective condition, and the manufacturer would be liable for all harm caused by such defect."

The Appellant does not contend that the Court erred in that statement of the law. We also note that the court further charged the jurors to consider the separate negligence of Bikes N' Things. The jurors' affirmative answer to the first special interrogatory, that the bicycle in question was in a defective condition when manufactured by MTD and sold by Bikes N' Things, certainly leaves open the question of whether the defective condition may have arisen solely due to negligence by Bikes N' Things. If the special interrogatories provided no further clue to the jury's conclusions we could certainly surmise that MTD may have been found negligent upon the expanded theory of manufacturer's liability now challenged on this appeal by the Appellant. However, such conjecture must be dismissed in light of the jury's negative response to the third special interrogatory: "Do you find that the defendant Bikes N' Things was negligent in connection with its assembly and inspection or subsequent repair and reassembly of the bicycle?" That conclusion by the jury left no room for question or doubt as to its conclusion that there was negligence by MTD itself in the manufacturing process. Based upon the answer to the

third interrogatory we cannot agree with the Appellant's contention that it was held liable on the basis of a lack of due care by Bikes N' Things, either in the final assembly or in the repairs which took place.

These conclusions obviously lead to the rejection of the Appellant's final argument on this appeal, regarding its liability being secondary to that of Bikes N' Things. That theory was based upon the assertion that the retailer was negligent in its assembly of the bicycle. The jury's finding as to Bikes N' Things completely obviates the validity of the Appellant's final claim.

The judgment of the lower court is hereby affirmed.