478 A.2d 1

**Margaret ROBINSON, Administratrix of the Estate of James Miller, Deceased, Appellant,**

v.

**CITY OF PHILADELPHIA and Lawrence Strunk and Gus Dramis t/a Dramis Auto Parts.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1983.

Filed May 18, 1984.

Reargument Denied July 31, 1984.

Petition for Allowance of Appeal Denied Nov. 20, 1984.

140

George J. O'Neill, Philadelphia, for appellant.

Sarah Makin, Philadelphia, for City of Philadelphia, appellee.

Morton J. Sablosky, Philadelphia, for Strunk, appellee.

Before SPAETH, President Judge, and CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

This is an appeal from the judgment entered on March 19, 1982 denying the motion for a new trial by appellant Margaret Robinson, administratrix of the estate of James Miller, as to the appellee, City of Philadelphia. We affirm.

This appeal concerns a collision between the decedent Miller's motorcycle and a truck driven by Lawrence Strunk, the City's co-defendant in the trial court proceedings, which resulted in Miller's death. The accident occurred on October 4, 1972 at the intersection of Umbria and LeMonte Streets in Philadelphia. Strunk was driving south on Umbria Street and was in the process of turning left onto LeMonte Street when Miller's motorcycle, proceeding north on Umbria Street, collided with the left front fender of Strunk's tow truck. There were no eyewitnesses to the accident; and Strunk testified that he did not see Miller at any time prior to their vehicles colliding.

The complaint alleged acts of negligence on the part of both Strunk and the City of Philadelphia. The plaintiff-appellant claimed Strunk's negligent operation of his truck was a substantial factor in causing the accident. The theory for recovery against the City was that it was negligent in allowing a bump, which testimony indicated protruded 2½ to 3 inches above the road surface, to exist. At trial, the plaintiff-appellant's expert testified that the motorcycle's contact with the truck was merely a "glancing blow" which caused the motorcycle to go slightly out of control. The motorcycle then crossed the bump, and, as a consequence, Miller lost control of it and crashed. Thus, the bump was presented as being a substantial factor in causing Miller's death. The City presented rebutting evidence that the bump could not and did not contribute towards causing the accident. Both the City and Strunk argued that Miller's operation of his motorcycle was negligent and caused the accident.

The jury answered special interrogatories submitted by the court and found: (a) that the City of Philadelphia was not negligent, (b) that Strunk was negligent and that his negligence was a substantial factor in causing Miller's death, and (c) that Miller was contributorily negligent and that his contributory negligence, also, was a substantial factor in causing his own death. The plaintiff-appellant filed motions for a new trial against both co-defendants. The trial court granted the motion for a new trial as to Strunk[1] and denied the new trial motion as to the City of Philadelphia.

■ The scope of our review of an order granting or denying a new trial is well-defined. The test on appeal is whether the lower court committed a clear abuse of discretion or error of law which controlled the outcome of the case. If, upon reviewing the evidence, we find no such abuse or error, then we will not reverse the lower court's

1. No request for appellate review of this grant for a new trial has been made.

ruling. *McDevitt v. Terminal Warehouse Co.*, 304 Pa.Super. 438, 450 A.2d 991 (1982). Mindful of this scope, we will review the appellant's arguments for a new trial.

The appellant argues four major reasons why she should have been granted a new trial also with respect to the appellee, City of Philadelphia.

■ First, appellant argues that alleged improper remarks made by the appellee's defense counsel during the opening and closing arguments, together with a prejudicial series of questions asked by co-defendant Strunk's counsel, require granting a new trial. We disagree. All the alleged improper remarks raised by the appellant concern the appellant's contributory negligence. None relate to the verdict returned in favor of the appellee. The jury clearly decided, as is evidenced through their answers to special interrogatories, that the appellee was not negligent. The finding of the appellant as contributorily negligent does not impact on the appellee's culpability once the jury found the appellee did not breach the duty owed to the appellant. If the jury had returned a general verdict against the appellant, then the purported trial errors may have prejudiced appellant's case against the City by possibly influencing the jury to find the decedent was contributorily negligent despite the appellee's own negligence. However, that scenario is not presently before us. Consequently, appellant's allegations, even if true, would be harmless error as to the appellee.

■ For us to grant a new trial, the appellant must demonstrate how the alleged trial error caused an incorrect result. *Nebel v. Mauk*, 434 Pa. 315, 253 A.2d 249 (1969). The remarks by counsel must not only be shown to be erroneous but also to be harmful to the appellant's case against the appellee before they constitute reversible error. *Anderson v. Hughes*, 417 Pa. 87, 208 A.2d 789 (1965).

The appellee was free from all liability once the jury specifically found it to be not negligent. Since the appellant presents no claim in this issue contesting that finding, it becomes unnecessary to consider the various trial errors of which the appellant complains. *See Steele v. Peoples Natu-*

*ral Gas Company,* 386 Pa. 439, 127 A.2d 96 (1956). Nothing in the record indicates that the jury verdict in favor of the appellee was affected by the alleged trial errors as to appellant's contributory negligence. "A defendant whom the jury has exculpated should not be subject to a new trial unless there was trial error as to him. *Sternberg v. Dixon,* 411 Pa. 543, 192 A.2d 359 (1963), and *Greco v. 7-Up Bottling Company of Pittsburgh,* 401 Pa. 434, 165 A.2d 5 (1960)." *Potenburg v. Varner,* 284 Pa.Super. 19, 23, 424 A.2d 1370, 1372 (1981).

Second, appellant claims the trial court erred in excluding records and photographs from being admitted into evidence documenting that the bump was repaired by the appellee a few days after the accident. The trial court opinion filed March 10, 1982 adequately disposes of this issue in accurately stating the rule that evidence of post-accident repairs is inadmissible to prove negligence; and the appellant's attempted use of it does not qualify under one of the recognized exceptions. (Trial Court opinion at 9–11.) Appellant presently argues that Pennsylvania should abandon this well-established evidentiary rule. Upon reviewing this position, we conclude it has no merit. The only permissible use of these photographs would be to document the existence of the bump. However, the appellee had stipulated to its existence at trial, and other evidence was previously admitted verifying it. Excluding evidence that would have only repeated evidence otherwise admitted is harmless error. *Kubit v. Russ,* 287 Pa.Super. 28, 429 A.2d 703 (1981).

Third, appellant argues the trial court erred in overruling her objections and admitting into evidence certain testimony of John Comisky, appellee's expert witness.[2] Specifically, appellant argues there was a lack of foundation for the expert's testimony that the "sight-line" available to the decedent would have allowed him to see what was developing at the intersection in which the accident occurred. Also,

2. The trial court granted appellant's motion for a new trial as to co-defendant Strunk based upon an impermissible opinion made by Mr. Comisky.

appellant argues there was an improper foundation for the expert to give his opinion as to the motorcycle's speed prior to the collision. Finally, the appellant objects to the expert's statement as being unwarranted and without foundation that upon impact the decedent vaulted over the tow truck's hood and never crossed the bump in the road.

■ We consider appellant's objections to the "sight-line" and speed of travel testimony to be infirm on the same basis as we dismissed the first issue raised. These alleged testimonial errors were addressed to decedent's contributory negligence and not to the appellee's lack of due care. The specific jury finding that the appellee was not negligent makes the admission of this testimony, if erroneous, harmless and of no consequence in our consideration of whether to grant a new trial as to the appellee, City of Philadelphia.

■ As to the expert's testimony concerning the decedent vaulting over the truck's hood, this testimony was addressed to the issue of proximate causation and not to the issue of the appellee's lack of due care. We, therefore, find this testimony harmless, for the same reasons as stated above.

■ Fourth, appellant argues the trial judge erred in refusing to charge the jury as requested in her point for charge No. 2 and in submitting the issue of contributory negligence to the jury. We initially note the appellant's point for charge No. 2 has not been included in the record. It is incumbent upon the appellant to request that the points for charge be transcribed and filed of record. The appellant has not met this duty. Where there has been no such request made, the claimed error in refusing counsel's point for charge cannot be considered. *Ward et al. v. Babbit, Inc.*, 270 Pa. 370, 113 A. 558 (1921); *Mooney v. Kinder*, 271 Pa. 485, 115 A. 826 (1922).

■ The briefs indicate that point for charge No. 2 concerns the presumption of due care exercised by a decedent for his own safety at the time of the accident. The sole function of the presumption is to place the burden of proving a decedent's negligence on the party asserting that

proposition. The presumption, standing alone, has no evidentiary value. *Yandrich v. Radic,* 291 Pa.Super. 75, 435 A.2d 226 (1981). Even if this issue was properly preserved, the trial transcript indicates the trial judge properly instructed the jury regarding this presumption.[3]

Finally, appellant proposes there was no evidence of negligence on the decedent's part which would permit the trial judge to submit the issue of contributory negligence to the jury. The thrust of appellant's argument is directed toward the quality of the evidence pertaining to this issue. If there is any evidence of contributory negligence, it would be an error not to charge the jury on the issue. "We have held that where there is *any* evidence which alone could justify an inference of a disputed fact, such dispute *must* go to the jury, no matter how strong or persuasive may be the countervailing proof." *McCullough v. Monroeville Home Ass'n., Etc.,* 270 Pa.Super. 428, 431, 411 A.2d 794, 795–96 (1979) (Emphasis in original) (Citations omitted). *See also Hanlon v. Sorenson,* 289 Pa.Super. 268, 433 A.2d 60 (1981).

For the foregoing reasons, we affirm the March 19, 1982 judgment.

---

3. N.T., February 2, 1981, at 1141.