592 A.2d 1377

**Paul BRILL, Appellant,**

v.

**SYSTEMS RESOURCES, INC., Source International Corporation, Sitag Sitzmobel, GmbH.**

Superior Court of Pennsylvania.

Argued March 19, 1991.

Filed June 24, 1991.

604

David M. Landay, Pittsburgh, for appellant.

Stephen M. Elek, Bridgewater, for appellees.

Before ROWLEY, President Judge, and WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from a June 27, 1990 order denying the Motion for Post Trial Relief of appellant, Paul Brill, following a jury verdict in favor of appellee, System Resources, Inc., in a strict products liability action.[1] Appellant argues that the trial court erred in failing to instruct the jury regarding the theory of product malfunction. For the fol-

---

1. We note that judgment was entered upon the order on September 14, 1990.

lowing reasons, we agree, and, accordingly, we reverse the judgment below and remand for a new trial.

The facts underlying this appeal, summarized by the trial court, are as follows:

Plaintiff, Paul Brill, filed a civil action against Defendants, Systems Resources, Inc., Source International Corporation, and Sitag Sitzmobel, GmbH [sic], for damages arising from an incident which occurred on November 25, 1985. On that date, Plaintiff Brill was sitting in a chair distributed by Defendant Source International Corporation when, according to Plaintiff, the back of the chair broke and Mr. Brill fell to the floor and sustained serious personal injuries resulting in a limitation of his physical activities and substantial ongoing medical expenses. (Trial Transcript, March 13–15, 1989, pp. 17, 36, 44–45, hereinafter referred to as T.T.)

Service of Process was perfected only on Source International Corporation, and the case went to trial against only the distributor of the chair, Source International Corporation. The complaint against Source International Corporation was based upon a claim in products liability.

The jury returned a verdict on March 15, 1989 in favor of Defendant. Plaintiff filed a Motion for Post Trial Relief seeking a new trial. For the reasons set forth [in its opinion] the Court denied Plaintiff's Motion [on June 27, 1990].

Trial Court Opinion, August 21, 1990 at 1–2. This timely appeal followed.

Appellant argues that the trial court erred in failing to instruct the jury regarding the theory of malfunction. Specifically, appellant claims that such an instruction was appropriate because there was no evidence of improper use of the chair or that the accident resulted from a reasonable secondary cause.

Our standard of review of jury instructions is well-settled:

A court's charge to the jury will be upheld if it adequately and accurately reflects the law and was sufficient to guide the jury in its deliberations.

*Commonwealth v. Person,* 345 Pa.Super. 341, 345, 498 A.2d 432, 434 (1985). *See also Commonwealth v. Bey,* 249 Pa.Super. 185, 196, 375 A.2d 1304, 1310 (1977). In reviewing the court's charge for error, we must read the charge as a whole; error will not be predicated upon an isolated excerpt, instead it is the general effect of the charge that controls. *Commonwealth v. Wallace,* 347 Pa.Super. 248, 256, 500 A.2d 816, 820 (1985) (citations omitted). Furthermore, if a requested point for charge is already sufficiently and adequately covered in the trial court's jury instructions, it is not error to deny the requested point even though it may contain a correct statement of law. *Thomas v. Duquesne Light Co.,* 376 Pa.Super. 1, 545 A.2d 289 (1988); *Olson v. Dietz,* 347 Pa.Super. 1, 500 A.2d 125 (1985).

■ The charge appellant sought reads as follows:

A plaintiff in a strict liability case may prove his case merely by showing the occurrence of a malfunction of a product during normal use. The plaintiff need *not* prove the existence of a specific defect in the product. The plaintiff must prove three facts. He must prove that the product malfunctioned, that it was given only normal or anticipated usage prior to the accident, and that no reasonable secondary causes were responsible for the accident.

This charge is a verbatim restatement of Pennsylvania Standard Suggested Jury Instruction, Civil § 8.05 ("§ 8.05") (emphasis in original), and the law underlying the charge has been approved by both this Court and our Supreme Court. *See MacDougall v. Ford Motor Co.,* 214 Pa.Super. 384, 388, 257 A.2d 676, 678 (1969) (occurrence of malfunction in absence of other identifiable causes sufficient to support finding of 'defective condition' for purposes of tort liability) (overruled on other grounds in *REM Coal Co., Inc. v. Clark Equipment Co.,* 386 Pa.Super. 401, 563 A.2d 128 (1989)); *see also Rogers v. Johnson & Johnson Products,*

*Inc.*, 523 Pa. 176, 182, 565 A.2d 751, 754 (1989) (officially accepting product malfunction theory of liability); *Kuisis v. Baldwin–Lima–Hamilton Corp.*, 457 Pa. 321, 329, 319 A.2d 914, 920 (1974) (plurality opinion). Thus, the instruction appellant sought contained an accurate statement of law.

The Pennsylvania Bar Institute, drafter of the instruction, has provided guidelines for determining when the instruction is appropriate:

> This charge is not intended for use in every case, but only in those situations where a jury *may find* the absence of abnormal use and the non-existence of reasonable secondary causes ...

*Id.* § 8.05, subcommittee note (emphasis added).

 Here, it is not disputed that the trial court's jury charge did not cover the theory of product malfunction. The trial court reasoned that such an instruction was improper because both appellee's expert witness and appellant himself provided evidence that abnormal use had occurred. *See* Trial Court Opinion, *supra* at 5–6. Appellant argues that the trial court's failure to give a product malfunction instruction was reversible error. We agree. The only witnesses who testified concerning the actual breaking of the chair and appellant's ensuing fall were appellant and Raymond Dunn, a co-worker. Appellant testified that he was leaning back normally in the chair at the time the accident occurred, *see* N.T. 15–19. Dunn also testified that appellant was in a normal sitting position immediately prior to the accident. *Id.* at 63. On the other hand, appellee's expert, who did not witness the actual accident, opined that the accident had to have occurred as a result of abnormal use. *Id.* at 101. Thus, the record contains conflicting evidence regarding abnormal use. The determination of which version of events to credit, of course, was for the jury. *See Commonwealth v. Paquette*, 451 Pa. 250, 301 A.2d 837 (1973) (credibility determinations within exclusive province of finder of fact). If the jury chose to credit appellant's testimony, it could have found that there was no

abnormal use or other reasonable secondary cause for the chair to collapse. If the jury had received a § 8.05 instruction, it could then have concluded that the chair malfunctioned. *See* § 8.05, *supra.* We therefore conclude that appellant was entitled to have the jury instructed that if it found no abnormal use, it could find that the chair malfunctioned. *See* § 8.05, subcommittee note, *supra; MacDougall v. Ford Motor Co., supra.* Because the trial court's jury charge failed to include such an instruction, it was insufficient to properly guide the jury in its deliberations. *See Commonwealth v. Person, supra.* Accordingly, we vacate the judgment below and remand for a new trial.

Judgment reversed. Case remanded for trial.

Jurisdiction relinquished.