616 A.2d 34

**Rupert G. WILSON and Johanah Wilson, h/w, Appellants,**

v.

**John H. ANDERSON and Philadelphia Newspaper, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued May 12, 1992.

Filed Nov. 16, 1992.

Paul M. Perlstein, Philadelphia, for appellants.

Mark T. Riley, Philadelphia, for appellees.

Before WIEAND, OLSZEWSKI and KELLY, JJ.

WIEAND, Judge:

In this appeal from the judgment entered on a defense verdict, the plaintiff contends that the trial court committed error when, sua sponte, it examined him about his failure to use a seat belt and thereafter gave prejudicial instructions regarding such failure. We are constrained to agree. Therefore, we reverse and remand for a new trial.

On March 27, 1986, a vehicle driven by Rupert G. Wilson collided with a truck owned by Philadelphia Newspapers, Inc. and driven by John Anderson at 22nd Street and Lehigh Avenue in Philadelphia. Wilson sued for personal injuries allegedly caused by the accident. He testified at trial that while he was edging around a stopped bus, the Anderson truck passed him from behind and struck the left front bumper of

his vehicle. Anderson testified, however, that while he was moving in his lane, Wilson's vehicle suddenly and without warning left its lane in such a manner that the Wilson vehicle scraped the right rear side of the truck. The jury returned a verdict in favor of the defendants. A motion for new trial was denied, and judgment was entered on the verdict.

█ In reviewing an order denying a new trial, that order will not be disturbed unless the trial court committed a clear abuse of discretion or error of law which may have affected the outcome of the case. *Cashdollar v. Mercy Hosp.,* 406 Pa.Super. 606, 614, 595 A.2d 70, 74 (1991); *Eck v. Powermatic Houdaille,* 364 Pa.Super. 178, 188, 527 A.2d 1012, 1017 (1987); *Robinson v. City of Philadelphia,* 329 Pa.Super. 139, 144, 478 A.2d 1, 3 (1984).

By statute in Pennsylvania, the driver of a vehicle is required to "wear a properly adjusted and fastened safety seat belt system." 75 Pa.C.S. § 4581(a)(2). Another subsection of the same statute, however, provides: "In no event shall a violation or alleged violation of this subchapter be used as evidence in a trial of any civil action; nor shall any jury in a civil action be instructed that any conduct did constitute or could be interpreted by them to constitute a violation of this subchapter...." 75 Pa.C.S. § 4581(e).

█ In the instant case, the seat belt issue was introduced by the trial court when it sua sponte examined the husband-plaintiff as follows:

THE COURT: ... Did you have a shoulder strap on?

THE WITNESS: I used it for a few weeks.

THE COURT: But did you have it on this day?

THE WITNESS: No, I did not.

MR. ROSENBERG [plaintiff-appellants' counsel]: Your Honor, may we have a sidebar, please?

THE COURT: Objection denied and your other motion is denied.

MR. ROSENBERG: Thank you, your Honor.

THE COURT: (Addressing the witness) Will you take a look at this, and you have a shoulder strap there, don't you? You have a shoulder strap?

THE WITNESS: If I may ask, what are you referring to?

THE COURT: Right here.

THE WITNESS: Oh, you are talking about the—

THE COURT: The shoulder strap.

THE WITNESS: There is one in the car, yes.

THE COURT: There is one in the car. All right, thank you.

Later, the trial court instructed the jury as follows:

What is negligence? The legal term negligence, otherwise known as carelessness is the absence of ordinary care, which a reasonably prudent person would exercise in the circumstances here presented. Negligent conduct may consist either of an act or an ommission [sic] to act when there is a duty to do so. In other words, negligence is a failure to do something which a reasonably careful person would do or the doing of something, which a reasonably careful person would not do in light of all the surrounding circumstances established by the evidence in this case. It is for you to determine how a reasonably careful person would act under the circumstances.

Ladies and gentlemen, the plaintiff had a shoulder strap in his car. You can see it from the photograph, but the plaintiff did not use the shoulder strap.

MR. ROSENBERG [plaintiff-appellants' counsel]: Your Honor, I'll have to object. Excuse me, I have to object to this.

THE COURT: Just a minute.

MR. ROSENBERG: Thank you, your Honor.

THE COURT: Mr. Rosenberg, I'll take notice of your objection, but you will have to hear what I have to say.

The law says that you should wear your shoulder strap, but the law goes further and says that in a civil action you cannot consider the failure or lack of using your shoulder strap. It says that in the very book that I have.

In no event shall a violation or alleged violation of this subchapter be used as evidence in a trial of any civil

action. So I have to instruct you that no matter what the act says on this side of the page, this side of the page says you cannot consider it. So that is what I am telling you.

The trial court's injection of the seat belt issue was in direct violation of the statute. Unfortunately, the court's jury instructions compounded the error. Immediately after correctly defining negligence and telling the jury that it should determine "how a reasonably careful person would act under the circumstances," the court reminded the jury that the plaintiff had a shoulder strap in the car which he did not use. Later, the court repeated the statutory requirement that the plaintiff wear a shoulder strap, but then, for the first time, told the jury "that in a civil action you cannot consider the failure or lack of using your shoulder strap. It says that in the very book that I have."

This, at best, was confusing to the jury. At worst, it was clear error and a violation of the statute. The failure of the plaintiff to wear a seat belt was not for the jury to hear. After the court had improperly injected the seat belt issue and then told the jury that the law required the plaintiff to wear a seat belt, it was both too late and too little to tell the jury that the law says that the failure to wear a seat belt cannot be considered in a civil action.

It is correct, as the defendant-appellees argue, that an appellate court must review the trial court's jury instructions in their entirety and that error will not be founded upon an isolated excerpt taken out of context. *Cashdollar v. Mercy Hosp.*, 406 Pa.Super. 606, 614, 595 A.2d 70, 74 (1991); *Noble C. Quandel Co. v. Slough Flooring, Inc.*, 384 Pa.Super. 236, 240, 558 A.2d 99, 101 (1989). It is also true that a trial judge has wide latitude in his or her choice of language when charging a jury, provided always that the court fully and adequately conveys the applicable law. *Seewagen v. Vanderkluet*, 338 Pa.Super. 534, 545, 488 A.2d 21, 26 (1985); *Pratt v. Stein*, 298 Pa.Super. 92, 142, 444 A.2d 674, 700 (1982). A court's instructions must adequately and accurately state the law and provide the jury with a guide during its deliberations. *Brill v. Systems Resources, Inc.*, 405 Pa.Super. 603, 605–606, 592 A.2d

1377, 1378 (1991). Therefore, a court's instructions should be clear and not confusing. It is error to give contradictory instructions, for a jury, having the right to believe all the court's instructions to be correct statements of the law, may as readily follow the erroneous instruction as the correct one. We hold, therefore, that it was error for the trial court to tell the jury in one breath that it might consider a fact made irrelevant and prejudicial by statute and, in the next, that the law, in the judge's book, says the jury must not consider the irrelevant and prejudicial fact. One can only ask, if the law says the failure to use an available seat belt is not to be considered, why the trial court so emphatically directed the jury's attention to it.

Because the verdict in this case may well have been a consequence of the trial court's erroneous introduction of improper evidence and its subsequent failure, during jury instructions, to repair the damage already caused by such evidence, a new trial is warranted.[1]

Order reversed. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

OLSZEWSKI, J., files a dissenting statement.

---

1. Because a new trial is necessary, we do not decide whether the trial court also committed reversible error when it cross-examined the plaintiff-appellant about the fact that he consulted a lawyer before being examined by a physician. We observe, however, that a trial judge is not required to be a passive observer.

> " 'It is well settled that a trial court always has the right, and sometimes even the duty to interrogate witnesses, in order to clarify evidence,' or to elicit new information that is necessary to ensure a fair trial. *Commonwealth v. Hodge,* 246 Pa.Superior Ct. 71, 79, 369 A.2d 815, 819 (1977). A new trial is required, therefore, only when the trial judge's questioning amounts to an abuse of discretion. *Commonwealth v. Elmore,* 241 Pa.Superior Ct. 470, 476, 362 A.2d 348, 351 (1976). Because a charge of this nature is of the most serious type, however, " 'the record must clearly show prejudice, bias, capricious disbelief or prejudgment' " before an abuse of discretion will be found. *Kenworthy v. Burghart,* 241 Pa.Superior Ct. 267, 271–72, 361 A.2d 335, 338 (1976)."

*Fleck v. Durawood Inc.,* 365 Pa.Super. 123, 128, 529 A.2d 3, 5–6 (1987), quoting *Pratt v. Stein,* 298 Pa.Super. 92, 117, 444 A.2d 674, 687 (1982). See also: *Reimer v. Tien,* 356 Pa.Super. 192, 202, 514 A.2d 566, 571 (1986).

OLSZEWSKI, Judge, dissenting.

I respectfully dissent. Upon examination of the testimony and the jury charge in this case as a whole, I find that there was no prejudice, bias, or pre-judgment suffered by appellant. The passages to which appellant directs this Court are part of an approximately ninety-page transcript. Even if any of the trial judge's comments could have caused a misunderstanding, they were insignificant and outweighed by the remainder of the testimony which was fairly and clearly elicited by counsel for both parties. I find no abuse of discretion on the part of the trial court in this case. Accordingly, I would affirm.