**Ragland v. Gray**

557

C.P. of Philadelphia County, December Term 1996, no. 1474.

*Roland J. Atkins,* for plaintiff.
*David Moffitt,* for defendant T. Barry Gray.
*Patricia Jackson Gray,* pro se.

FIELD, *J.,* November 15, 2000—Plaintiff, Legora Ragland, appeals from this court's order of June 28, 2000, denying her motion for post-trial relief. For the reasons which follow, the motion was properly denied and judgment in favor of the defendants entered on July 19, 2000, should be affirmed.

A jury trial commenced on December 6, 1999. This defamation case arises from the publication and distribution of a newsletter by Barry Gray, entitled "Who Cares?," which contained statements about Legora Ragland, accusing her of dishonest behavior relating to the defendants. After four days of trial, the jury returned a verdict in favor of the defendants, Mr. Gray and his wife, Patricia Gray, finding that they did not publish defamatory statements about the plaintiff. Plaintiff filed a timely post-trial motion seeking judgment n.o.v. or, in the alternative, a new trial. In her motion, plaintiff alleges several errors by the trial court. These can be summarized as follows: (1) the verdict was against the weight of the evidence; (2) the court erred in its evidentiary rulings; (3) the court erred in bifurcating the issue of punitive damages; (4) plaintiff's motion for a mistrial was improperly denied; and (5) the court erred in its jury charge. These arguments are without merit and will be discussed in turn.

Plaintiff's first argument is that she is entitled to a new trial because the jury's verdict was against the weight of the evidence. When reviewing a jury's verdict, the evidence must be viewed in the light most favorable to the verdict winner. *Boutte v. Seitchik,* 719 A.2d 319 (Pa.

Super. 1998). A jury's determination is not to be disturbed as long as there is sufficient evidence on the record to support it. *Fannin v. Cratty,* 331 Pa. Super. 326, 480 A.2d 1056 (1984).

The following evidence was presented at trial. On February 2, 1993, Katie B. Jackson died after a lengthy illness. N.T. 12/7/99, p. 76. She was survived by three daughters: Gwen, Ingrid, and Patricia, one of the defendants. N.T. 12/7/99, p. 40. During her lifetime Katie Jackson had engaged in several business ventures, including the operation of a catering facility known as the Wynne Plaza. N.T. 12/7/99, pp. 41-42. At the time of her death, the Wynne Plaza was being operated by Patricia, a defendant herein. N.T. 12/7/99, p. 42.

Plaintiff Legora Ragland had been Katie Jackson's insurance agent for several years, and provided her with life, health and other insurance policies. N.T. 12/7/99, p. 41. One of these policies included a death benefit in the amount of $10,000. N.T. 12/7/99, p. 97. Ms. Jackson's three daughters were named as beneficiaries of this policy and each was entitled to one-third of the proceeds. N.T. 12/7/99, p. 47. It is payment of these insurance proceeds which is at the heart of this dispute.

As the agent for New York Life, Ms. Ragland received three checks, each in the amount of $3,360.97, *i.e.,* one for each of Ms. Jackson's daughters. N.T. 12/7/99, p. 104. The check made out to Ms. Gray was not forwarded to her, but rather was transmitted to Irving Lassoff, the executor of Ms. Jackson's estate. N.T. 12/7/99, p. 105. Mr. Lassoff deposited the check into the estate's bank

account. N.T. 12/7/99, p. 105. He then proceeded to use the funds to pay debts of the estate, specifically debts attributable to the Wynne Plaza. N.T. 12/7/99, p. 105. Ms. Gray maintained that she never authorized Ms. Ragland or Mr. Lassoff to do anything with her check. N.T. 12/9/99, p. 35. This defamation suit arises from Mr. Gray's publication of a newsletter entitled, "Who Cares?," in which it was stated that Ms. Ragland "stole" Ms. Gray's insurance check.

There is no dispute that Ms. Ragland did not use the insurance proceeds for her own personal gain. Ms. Ragland has argued all along that she was, therefore, defamed per se, because she did not take the funds for her own use. Defendants argued that Ms. Ragland's motive was irrelevant if the check was taken without authorization.

After four days of testimony, and over a day of deliberations, the jury unanimously found that the statement published was not defamatory. There was sufficient evidence in the record for the jury to have found that the statement was true, according to the dictionary definition of "stolen" as having been taken without authorization. Hence, the defendants were properly found not liable.

Plaintiff has raised several issues regarding evidentiary rulings made at trial. A reversal based on an erroneous evidentiary ruling is warranted only where the ruling has caused actual prejudice. *Aldridge v. Edmunds,* 561 Pa. 323, 750 A.2d 292 (2000). Plaintiff has failed to demonstrate any actual prejudice. A new trial is not warranted on these grounds.

Plaintiff next argues that she was unfairly prejudiced by the court's decision to bifurcate the issue of punitive damages. This argument, too, is without merit. Rule 213(b) of the Pennsylvania Rules of Civil Procedure, 42 Pa.C.S., provides:

"The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, setoff, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, setoffs, cross-suits, or issues."

It is solely the court's province to determine when bifurcation is necessary. Absent an abuse of discretion, a trial court's decision as to bifurcation will not be disturbed. *Santarlas v. Leaseway Motorcar Transport Co.,* 456 Pa. Super. 34, 40, 689 A.2d 311, 314 (1997). Where, as here, the issue of damages was not even reached by the jury, bifurcation cannot be the basis for a new trial.

In her post-trial motion, plaintiff asserts that the court erred in failing to declare a mistrial on December 8, 1999, "by reason of the improper, prejudicial, and extraneous evidence that had been presented by the defendants." (Plaintiff's post-trial motion, ¶9.) The decision as to whether to grant a mistrial is one committed to the sound discretion of the trial court. *Commonwealth v. Fletcher,* 561 Pa. 266, 750 A.2d 261 (2000). Since, as discussed above, plaintiff has failed to demonstrate how any of the court's evidentiary rulings prejudiced her, a mistrial was not warranted.

Plaintiff argues that the court erred in allowing defense counsel to read the statutory definition of "theft" in his closing argument. It is well-established that truth is an absolute defense to defamation. *Tucker v. Philadelphia Daily News,* 757 A.2d 938 (Pa. Super. 2000); 42 Pa.C.S. §8342. Consequently, in order to determine the defendants' liability, the jury had to decide if the statement complained of was true or false. Defense counsel read from 18 Pa.C.S. §3927(a) which provides that a person who obtains property upon agreement, or subject to a known obligation, to make specified payments or other disposition, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition. While defendants acknowledge that Ms. Ragland did not receive personal benefit from funds, there was evidence that she received a check made out to Ms. Gray and, instead of forwarding it to Ms. Gray, forwarded it to Mr. Lassoff. Hence, the jury could conclude that Ms. Ragland's actions fell within the statute and that, in fact, a "theft" had been committed. No error occurred.

Finally, plaintiff seeks a new trial on the ground that the court erred in its jury charge. To be granted a new trial, based on an erroneous charge, a plaintiff must show that the trial court either abused its discretion or committed an error of law that controlled the outcome of the case. *Stewart v. Motts,* 539 Pa. 596, 654 A.2d 535 (1995). The charges will be found adequate unless the issues are not made clear to the jury, or the judge's instructions palpably misled the jury, or there is an omission in the

charge which amounts to fundamental error. *Id.* In addition, in determining the adequacy of a charge, an appellate court must review the trial court's jury instructions in their entirety. *Wilson v. Anderson,* 420 Pa. Super. 169, 173, 616 A.2d 34, 36 (1992).

The first group of rejected points for charge, plaintiff's nos. 26 through 38, relating to defamation issues, were all properly rejected because either their substance was covered by the standard jury instructions 13.08 and 13.10, which were given, or they were inapplicable to the facts of this case. The second group, plaintiff's nos. 39 and 40, relating to conspiracy, were rejected because there was no evidence to support this charge. Finally, plaintiff's point for charge no. 41, agency, was also rejected because of inappropriateness. With respect to the agency and conspiracy charges, error, if any, which may have occurred must be held harmless since the jury unanimously found that the statement complained of was not defamatory.

For all of the above reasons, judgment as entered on July 19, 2000, upon the jury's verdict for the defendants should be affirmed.