J-A04029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TAMI D. PSCOLKA AND AARON M. PSCOLKA, HER HUSBAND, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KEVIN BOEHME, M.D., | |
| Appellee | No. 987 WDA 2014 |

Appeal from the Judgment Entered June 11, 2014
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2011-7946

BEFORE:  BOWES, OLSON AND STRASSBURGER, JJ*

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 22, 2015**

Appellants, Tami D. Pscolka ("Tami") and Aaron M. Pscolka, appeal from the judgment entered on June 11, 2014.  We affirm.

The relevant factual background of this case is as follows.  In mid-September 2010, Tami experienced pain in her lower back.  On September 22, 2010, she visited Dr. Kevin Boehme ("Boehme"), her primary care physician.  Boehme was aware that Tami previously suffered from a lumbar disc herniation and a disc protrusion.  Boehme diagnosed Tami with a muscle strain.  On Saturday, September 25, 2010, Tami went to the emergency room of Canonsburg General Hospital because she was still experiencing pain in her lower back.  Tami was treated by Dr. Gregory S. Margeni ("Margeni").  Tami requested an MRI; however, Margeni diagnosed Tami with sciatica.  After leaving Canonsburg General Hospital, Tami

* Retired Senior Judge assigned to the Superior Court

continued to experience problems. She did not call Boehme, however, as she was unaware if he had an answering service.

On Monday, September 27, 2010, Tami called Boehme and he ordered an MRI. An MRI was performed at Canonsburg General Hospital that morning. Tami then went to Boehme's office. At 4:00 p.m., Boehme was notified of the MRI results showing there was a large herniation in the same location as Tami's previous disc herniation. Boehme's nurse called Tami, informed her of the MRI results, and told her to see a neurosurgeon. Tami immediately called the neurosurgeon but was informed that the office was closed.

On September 28, 2010, the neurosurgeon examined Tami and diagnosed her with cauda equine syndrome caused by the large disc herniation. The neurosurgeon sent Tami to Allegheny General Hospital and surgery was performed the following day. As a result of the injuries allegedly caused by Tami's large disc herniation and cauda equine syndrome, Tami continues to suffer from lower back pain and other ailments.

The relevant procedural history of this case is as follows. Appellants instituted the instant action via writ of summons on November 3, 2011. On August 20, 2012, Appellants filed their second amended complaint against Boehme, Margeni, Canonsburg General Hospital, West Penn Allegheny Health System, Inc. d/b/a Allegheny General Hospital, and Allegheny Specialty Practice Network. Appellants alleged the defendants committed

medical malpractice. On April 15, 2014, Appellant entered into a settlement agreement with all defendants other than Boehme. Pursuant to that settlement agreement, on April 29, 2014, the trial court dismissed all defendants other than Boehme.

On April 28, 2014, Appellants filed two motions *in limine*. The first sought to exclude evidence relating to the negligence of any health care provider other than Boehme. The second sought to exclude evidence regarding the comparative negligence of Appellants. The trial court twice entertained argument on the motions prior to trial and reserved ruling on both motions. Trial began on May 12, 2014. On the morning of May 13, 2014, the trial court granted the motion relating to comparative negligence. On the morning of May 14, 2014, the trial court granted in part and denied in part the motion relating to the negligence of the settling defendants. Specifically, the trial court permitted Appellants' expert witnesses to testify regarding the settling defendants' negligence insofar as their testimony was consistent with their expert reports.

On May 16, 2014, the jury returned a verdict in favor of Boehme. It found that Boehme was not negligent; therefore, it did not reach the special interrogatory regarding causation. On May 23, 2014, Appellants filed a post-trial motion. On May 29, 2014, the trial court denied the post-trial motion.

On June 11, 2014, judgment was entered in favor of Boehme. This timely appeal followed.[1]

Appellants present five issues for our review:

1. Whether Appellants' motion *in limine* to preclude evidence of the negligence of other health care providers should have been granted?

2. Whether [Boehme] should have been permitted to introduce evidence and testimony regarding the negligence of co-defendants who had signed joint tortfeasors' releases with Appellants prior to trial, who had been dismissed from the action, and against whom Boehme had never asserted any cross claims nor introduced any evidence before trial?

3. Whether Appellants' expert medical witnesses should have been compelled to testify on behalf of Boehme regarding the negligence of co-defendants who had signed joint tortfeasors' releases with Appellants prior to trial, who had been dismissed from the action, and against whom Boehme had never asserted any cross claims nor introduced any evidence before trial?

4. Whether Appellants' motion *in limine* to exclude evidence regarding the comparative negligence of [Appellants] should have been granted prior to two days after the start of trial?

5. Whether the curative instruction given to the jury by the court at the conclusion of trial regarding the comparative negligence of Appellants was sufficient to overcome the prejudice caused by the testimony elicited by [Boehme] and the closing statement of his counsel?

Appellants' Brief at 3 (certain capitalization and honorifics omitted).

---

[1] On June 24, 2014, the trial court ordered Appellants to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b). On July 15, 2014, Appellants filed their concise statement. On August 22, 2014, the trial court issued its Rule 1925(a) opinion. All issues raised on appeal were included in Appellants' concise statement.

Although stated as five separate questions, Appellants essentially present two issues for our review – whether the trial court erred in its rulings on the relevant motions *in limine*. "When reviewing a ruling on a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. The admission of evidence is committed to the sound discretion of the trial court and our review is for an abuse of discretion." ***Commonwealth v. Parker***, 104 A.3d 17, 21 (Pa. Super. 2014) (citation omitted). We conclude that even if the trial court erred by not granting both motions *in limine* prior to trial, such error was harmless. "An error is harmless if the court determines that the error could not have contributed to the verdict." ***Bensinger v. Univ. of Pittsburgh Med. Ctr.***, 98 A.3d 672, 683 n.12 (Pa. Super. 2014) (internal alterations and citation omitted).

As to the comparative negligence motion *in limine*, it is well-settled under Pennsylvania law that "where a jury finds no negligence on the part of a defendant, purported error regarding questions of comparative and/or contributory negligence are not prejudicial and cannot serve as a basis for the award of a new trial." ***Boyle v. Indep. Lift Truck, Inc.***, 6 A.3d 492, 496 (Pa. 2010) (citations omitted); *see **Jewelcor Jewelers & Distribs., Inc. v. Corr***, 542 A.2d 72, 80 (Pa. Super. 1988), *appeal denied*, 569 A.2d 1367 (Pa. 1989); ***Mickey v. Ayers***, 485 A.2d 1199, 1203 (Pa. Super. 1984); ***Robinson v. Philadelphia***, 478 A.2d 1, 3-4 (Pa. Super. 1984); ***Ries v. MTD Products, Inc.***, 456 A.2d 211, 214 (Pa. Super. 1983); ***Dean v.***

***Trembley***, 137 A.2d 880, 883 (Pa. Super. 1958); ***Whitton v. H.A. Gable Co.***, 200 A. 644, 646 (Pa. 1938) ("[A]s the jury found no negligence on the part of appellee the question of contributory negligence passes out of the case, and any error in the charge in this respect would not have been prejudicial."); ***see also Harkins v. Calumet Realty Co.***, 614 A.2d 699, 707 (Pa. Super. 1992) (same with respect to superseding cause). As noted above, the jury in this case found that Boehme was not negligent and therefore did not reach the issue of causation. Accordingly, any error in permitting evidence of comparative negligence was harmless.

As to the motion *in limine* regarding evidence of the settling defendants' negligence, we conclude that evidence of the settling defendants' negligence could only have affected the issue of causation. Therefore, since that evidence did not impact the jury's determination as to whether Boehme deviated from the standard of care in his treatment of Tami, we likewise find any alleged error to be harmless. As

> [t]he jury found no negligence on the part of [the] defendant, [it] never reached the issues of causation or damages. Therefore, any error with regard to the testimony on causation was harmless and cannot be the basis for a new trial. . . . Plaintiffs suggest that the jurors may have decided there was no negligence because they thought there was no causation, but this is sheer conjecture.

***Zoppi v. Seok***, 51 Pa. D. & C.4th 541, 554–555 (C.C.P. Lehigh 2001), *aff'd*, 804 A.2d 72 (Pa. Super. 2002) (unpublished memorandum); ***see Parr v. Ford Motor Co***., 2014 WL 7243152, *14 (Pa. Super. Dec. 22, 2014) (*en*

*banc*) (error in admission of causation evidence was harmless as the jury did not reach the issue of causation).[2]  Accordingly, the admission of evidence relating to the negligence of the settling defendants did not contribute to the jury's verdict.  As any error in not granting Appellants' motion *in limine* regarding the settling defendants' negligence was harmless, Appellants are not entitled to relief.

Judgment affirmed.

Strassburger, J. joins the memorandum.

Bowes, J., concurs in result.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2015

---

[2]  All of the cases cited above relating to why the admission of the comparative negligence evidence was, at the most, harmless error also indicate that when the jury does not reach the issue of causation, any error relating to the admission of causation evidence is harmless.