**Anthony FRAGALE and Donna Fragale, h/w, Appellants,**

v.

**Mark P. BRIGHAM, M.D., Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 30, 1999.
Filed Nov. 17, 1999.

Libro G. Taglianetti, Jr., Philadelphia, for appellants.

Magaret McAllister, Philadelphia, for appellee.

Before POPOVICH, JOYCE and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Anthony and Donna Fragale, husband and wife, appeal from the judgment entered on June 7, 1999 in favor of the appellee, Mark P. Brigham, M.D.

¶ 2 On December 5, 1991, appellant/husband was taken to the emergency room of a local hospital after a 200–300 pound roll of fiberglass fell and snapped back appellant's wrist at his place of employment. Several days later, appellant saw a physician at an occupational health center. Due to the nature of his injury, appellant/husband was referred to appellee, who saw him that same day.

¶ 3 Appellee took x-rays and placed appellant/husband in a short-arm cast. The x-rays taken after the cast was removed two weeks later showed no abnormalities. Appellee prescribed therapy and work hardening. By May 1992, appellant/husband returned to work, having regained strength and full motion in his hand and wrist. Appellant, however, re-injured his wrist on his fourth day back at work. Upon examining appellant/husband, appellee ordered tests and decided, as the wrist condition was not significantly improving, to refer appellant/husband to another physician, Dr. Huxter.

¶ 4 Huxter ordered a CAT scan that revealed no bone abnormality. After a subsequent evaluation by yet another physician, the source of appellant/husband's condition allegedly was discovered. He was diagnosed with dorsal subluxation of the distal radioulnar joint and underwent five surgeries that involved the fusion of

bones and the creation of an artificial joint. (*See* Trial Court Opinion, Sanchez, J., 3/31/99, at 2–3.)

¶ 5 Appellants initiated this medical malpractice action alleging appellee failed to properly diagnose and treat appellant/husband's wrist injury. Following a November 1998 jury trial, a unanimous verdict favoring appellee was returned.

¶ 6 Appellants present the following challenge for our review.

> Whether the Honorable Trial Court Judge committed reversible error in instructing the jury pursuant to [appellee's] requests for charges numbers eight and nine concerning a physician's 'best judgment' and/or 'mere error of judgment' over [appellants'] objection?

(Appellants' Brief at 3.)

> We review a challenge to a jury instruction to determine if the trial court abused its discretion or committed an error of law. We will not grant a new trial because of an erroneous jury instruction unless the jury charge in its entirety was unclear, inadequate, or tended to mislead or confuse the jury. Even if a trial court has refused to give a proposed instruction that contained a correct statement of the law, we will not grant a new trial on the basis thereof if the substance of that instruction was covered by the trial court's charge as a whole.

*Southard v. Temple University Hospital*, 731 A.2d 603, 616 (Pa.Super.1999) (*reargument denied*), *citing Boutte v. Seitchik*, 719 A.2d 319 (Pa.Super.1998), and *Santarlas v. Leaseway Motorcar Transp. Co.*, 456 Pa.Super. 34, 689 A.2d 311 (1997).

¶ 7 Appellants argue the court's instructions to the jury were erroneous in that they reflect "outmoded" and "abrogated" language. Additionally, appellants contend such language, even if found to be acceptable generally, is inappropriate in this case, which regards an alleged failure

to properly diagnose. Upon careful review of the record and applicable case law, we conclude appellants' arguments lack merit.

¶ 8 " 'In reviewing a trial court's charge to the jury, we must not take the challenged words or passage out of context of the whole of the charge, but must look to the charge in its entirety.' " *Jeter v. Owens–Corning Fiberglas Corp.*, 716 A.2d 633, 635 (Pa.Super.1998), *quoting Stewart v. Motts*, 539 Pa. 596, 606, 654 A.2d 535, 540 (1995). The instruction in pertinent part follows.

> Members of the jury, if a patient should sustain an injury or harm while undergoing medical care, and that injury or harm results from the physician's lack of knowledge or ability, or from his failure to exercise reasonable care, then he is responsible for the injuries which are the result of his act.
>
> If, on the other hand, he has used his *best judgment* and he has exercised reasonable care, and has a requisite knowledge or ability, even though complications resulted, then the physician is not responsible.
>
> The rule requiring a physician to use his *best judgment* does not make the physician liable for a *mere error in judgment*, provid[ed] he does what he thinks best after a careful examination. The rule of reasonable care does not require the exercise of the highest possible degree of care. It requires only that the doctor exercise that degree of care that a reasonably prudent physician would exercise under the same circumstances.

(T.T., 11/23/98, at 299; emphasis added.)

¶ 9 Appellants take issue with the court's use of the terms "best judgment" and "mere error in judgment" and contend they have been replaced by "differing schools of thought" terminology.[1] "A trial judge has wide latitude in his/her choice of

---

1. The doctrine regarding differing schools of thought was also discussed by the trial court

in its charge of the jury. (*See* T.T., 11/23/98, at 300.)

language when charging the jury, provided that the judge fully and adequately conveys the applicable law." *Jeter, supra.*

¶ 10 In *Soda v. Baird,* 411 Pa.Super. 80, 600 A.2d 1274 (1991), *appeal denied,* 532 Pa. 665, 616 A.2d 986 (1992), this Court addressed the issue of whether a jury charge using "error in judgment" terminology was erroneous. Upon review of the instruction at issue, we determined said instruction adequately conveyed the rule "that a physician is not excused for an error of judgment which is negligent, gross or reckless." *Id.* at 1282. Similarly, in the present case, the court properly charged the jury that whether appellee exercised reasonable care was determinative of his responsibility.

> [I]f a patient should sustain an injury ... from the physician's lack of knowledge or ability, or from his *failure to exercise reasonable care, then he is responsible for the injuries....*
>
> *If, on the other hand, he has used his best judgment and he has exercised reasonable care, and has a requisite knowledge or ability,* even though complications resulted, then the physician is not responsible.
>
> The rule requiring a physician to use his best judgment does not make the physician liable for a mere error in judgment, *provid[ed] he does what he thinks best after a careful examination.*

(T.T., *supra;* emphasis added.)

¶ 11 In contrast to the instruction regarding a physician's exercise of his or her best judgment, the differing schools of thought doctrine "provides a complete defense to a malpractice claim when the prescribed medical treatment or procedure has been approved by one group of medical experts even though an alternate group recommends another approach, or the experts agree that alternative treatments or procedures are acceptable. *The doctrine is applicable only where there is more than one accepted method of treatment or procédure." Levine v. Rosen,* 532 Pa. 512,

519, 616 A.2d 623, 627 (1992) (emphasis added), *citing Jones v. Chidester,* 531 Pa. 31, 610 A.2d 964 (1992). *See also Sinclair v. Block,* 534 Pa. 563, 633 A.2d 1137 (1993). There is no evidence the instruction was vague, ambiguous, misleading or otherwise confusing and, accordingly, we find no merit in appellant's challenge to the court's use of terminology expressing the applicable law, which has no relationship to the differing schools of thought doctrine. As the trial court stated, "[v]iewing this charge, in relation to the entire charge, against the evidence which was admitted during the trial, it is clear that the jury was informed that errors in judgment do not excuse physicians if their judgment did not comport with the applicable standard of care." (Trial Court Opinion at 7.)

¶ 12 Additionally, appellants argue use of such language was erroneous in that it is inappropriate in a case alleging failure to properly diagnose. This argument is premised upon appellants' primary contention that the "differing schools of thought" terminology has replaced the "best judgment" language. While the case law upon which appellants rely holds that differing schools of thought instructions are inappropriate in failure to diagnose cases, we find no support for appellants' theory that a similar rule applies to the "best judgment" instruction. *See Sinclair, supra, Levine, supra,* and *Morganstein v. House,* 377 Pa.Super. 512, 547 A.2d 1180 (1988), *appeal dismissed as improvidently granted,* 525 Pa. 498, 581 A.2d 1377 (1990).

¶ 13 As the "best judgment" instruction and "differing schools of thought" doctrine are two mutually exclusive legal concepts and the instruction given in the present case properly and clearly stated the applicable rules of law, we find no support for appellants' arguments.

¶ 14 Judgment affirmed.