**Diane MARSICO, in her own right and as parent and natural guardian of her daughter, Kristen Ogozaly, a minor, Appellant,**

v.

**Francis DIBILEO, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 15, 2002.

Filed April 9, 2002.

David Smacchi, Kingston, for appellant.

John T. McGrath, Scranton, for appellee.

Before: STEVENS, TODD, and CAVANAUGH, JJ.

TODD, J.

¶ 1 Diane Marsico appeals the judgment entered on January 26, 2001 by the Court of Common Pleas of Lackawanna County. In this case we are called upon to determine whether Section 3321 of the Motor Vehicle Code pertaining to vehicle right-of-ways applies to vehicles traveling in parking lots. For the reasons that follow, we conclude that it does not, and we vacate and remand this matter for a new trial.

¶ 2 The relevant facts of this case are as follows: On July 11, 1997, at approximately 2:00 p.m., Marsico was driving her Chevrolet Geo Metro in the designated westbound traffic lane in the parking lot of the Viewmont Mall. Marsico's daughter was seated in a child's car seat in the back seat of the vehicle. As Marsico was traveling through an intersection in the parking lot, Francis DiBileo, who was operating her vehicle in the designated southbound traffic lane, proceeded through the same intersection, colliding with the passenger side door of Marsico's vehicle.

¶ 3 On October 16, 1998, Marsico, in her own right and as guardian of her daughter, filed a negligence action against DiBileo, seeking compensatory damages for the injuries she and her daughter sustained in the accident. At the conclusion of a two-day trial, the trial court instructed the jury that when two vehicles approach or enter an intersection from different highways at approximately the same time and there is no controlling traffic device, under 75 Pa. C.S.A. § 3321, the driver of the vehicle on the left, in this case Marsico, shall yield the right-of-way to the vehicle on the right. The trial court further instructed the jury that under Pennsylvania law, a parking lot is considered a trafficway or highway. Ultimately, the jury determined that DiBileo was not negligent, and entered a verdict in her favor. Marsico filed a motion for a new trial; however, the trial court failed to enter an order within 120 days. Thereafter, DiBileo filed a praecipe for entry of judgment, and on January 26, 2001, judgment was entered. On February 22, 2001, Marsico filed a notice of appeal from the entry of judgment. On March 6, 2001, the trial court denied the parties' motions for post-trial relief.

¶ 4 We first note that the Supreme Court of Pennsylvania reexamined the appropriate standard of review of a motion for a new trial at both the trial court and appellate levels in *Harman ex rel. Harman v. Borah*, 562 Pa. 455, 756 A.2d 1116 (2000). The Court explained that the trial court must follow a two-step process in responding to a request for a new trial. The trial court first must determine whether a factual, legal or discretionary mistake was made at trial. *Id.* at 467, 756 A.2d at 1122. If the trial court determines that one or more mistakes were made, it must then evaluate whether the mistake provided a sufficient basis for granting a new trial. *Id.* Moreover, the Court noted that "[a] new trial is not warranted merely because some irregularity occurred during the trial or another trial judge would have ruled differently; the

moving party must demonstrate to the trial court that he or she has suffered prejudice from the mistake." *Id.* (citations omitted).

¶ 5 The Court then set forth an additional two-step analysis for appellate review of a trial court's determination to grant or deny[1] a new trial. First, the appellate court must examine the decision of the trial court to determine whether it agrees that a mistake was or was not made. *Id.* In doing so, the Court noted that the appellate court must apply the appropriate standard of review. If the alleged mistake involved an error of law, the appellate court must scrutinize for legal error. *Id.* at 468, 756 A.2d at 1123. If the alleged mistake at trial involved a discretionary act, the appellate court must review for an abuse of discretion. *Id.* The Court reiterated that a trial court abuses its discretion by rendering a judgment that is manifestly unreasonable, arbitrary or capricious, or has failed to apply the law, or was motivated by partiality, prejudice, bias or ill will. *Id.* at 469, 756 A.2d at 1123 (citations omitted).

¶ 6 If the appellate court agrees with the trial court's determination that there were no prejudicial mistakes at trial, then a decision by the trial court to deny a new trial must stand and we need not reach the second prong of the analysis. If the appellate court discerns that a mistake was made at trial, however, it must analyze whether the trial court abused its discretion in ruling on the motion for a new trial. *Id.* at 468–69, 756 A.2d at 1123.

¶ 7 In the present case, the trial court denied Marsico's motion for a new trial on the basis of erroneous jury instructions. On appeal, therefore, this Court must examine the specific allegations of error to determine whether there indeed were mistakes made at trial. If we determine that there were, we must then determine whether the trial court abused its discretion in denying the motion for a new trial.

¶ 8 Marsico argues that the trial court erred in refusing to grant her motion for a new trial because the trial court's instruction regarding Section 3321 was erroneous, in that Section 3321 is inapplicable because the accident occurred in a parking lot rather than on two intersecting highways. Marsico further contends that the trial court erred in instructing the jury that a parking lot is a highway under 75 Pa.C.S.A. § 102. We review challenges to jury instructions "to determine if the trial court abused its discretion or committed an error of law. We will not grant a new trial because of an erroneous jury instruction unless the jury charge in its entirety was unclear, inadequate, or tended to mislead or confuse the jury." *Fragale v. Brigham*, 741 A.2d 788, 790 (Pa.Super.1999) (citations omitted). Further, "a trial judge has wide latitude in his or her choice of language when charging a jury, provided always that the court fully and adequately conveys the applicable law." *Wilson v. Anderson*, 420 Pa.Super. 169, 173, 616 A.2d 34, 36 (Pa.Super.1992). In the instant case, we conclude that the trial court's instructions to the jury were erroneous and, accordingly, that a new trial is warranted.

¶ 9 Section 3321 provides: "When two vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right." 75 Pa.C.S.A.

---

**1.** The Supreme Court specifically held that a review of a denial of a new trial requires the same analysis as a review of a grant of a new trial. *Id.* at 467, 756 A.2d at 1122 (citations omitted).

§ 3321(a). A "highway" is defined under Section 102 as:

The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel. The term includes a roadway open to the use of the public for vehicular travel on grounds of a college or university or public or private school or public or historical park.

75 Pa.C.S.A. § 102.

¶ 10 The trial court granted DiBileo's request for a jury instruction regarding Section 3321 on the basis that "there's case law showing that a parking lot aisle is a traffic or highway." (N.T. Trial, 9/13/00, at 3.) However, while this Court previously has determined that a parking lot is a *trafficway* for the purpose of a violation of Section 3731, relating to the offense of driving under the influence of alcohol ("DUI"),[2] we are unaware of any prior case wherein we held that a parking lot was a "highway" as defined in Section 102. Indeed, we have held the contrary.

¶ 11 For example, in *Commonwealth v. Cozzone*, 406 Pa.Super. 42, 593 A.2d 860 (Pa.Super.1991), the appellant was charged with and convicted of DUI after he lost control of his vehicle and struck two parked cars and a mailbox while in the parking lot of a residential condominium complex. On appeal, the appellant argued that the evidence was insufficient to sustain his conviction because the Commonwealth had failed to prove that he operated his vehicle on a highway or trafficway. Although this Court ultimately determined that the parking lot in which the accident occurred was a trafficway for the purpose of Section 3101, we explained that "[t]he evidence in this case is clear that the parking lot on which appellant had his accident was not a publicly maintained highway." *Id.* at 862.

¶ 12 This Court's classification of a parking lot as a trafficway in cases involving DUI charges does not support the trial court's jury instruction in the instant case. Under Section 3101(b), "[t]he provisions of Subchapter B of Chapter 37 (relating to serious traffic offenses) shall apply upon highways and trafficways throughout this Commonwealth." 75 Pa.C.S.A. § 3101(b). A DUI offense under Section 3731 is specifically referenced as a serious traffic offense under Section 3101(b). 75 Pa.C.S.A. § 3101(b), n. 1. Thus, the language of Section 3101(b) clearly provides that the provisions of Chapter 37 relating to DUI offenses apply to offenses committed on highways *or trafficways*.

¶ 13 However, Section 3321, the relevant statute in the instant case, on its face is limited to vehicles approaching an intersection from a highway. Section 3321 is not designated as a "serious traffic offense" under Section 3101(b), and its application is not extended to trafficways by any other provision of the Vehicle Code. *See* 75 Pa.C.S.A. § 3101(a) ("the provisions of this part relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except where a different place is specifically referred to in a particular provision.") We further note that application of Section 3321 to vehicles traveling in parking lots would lead to

---

**2.** *See Commonwealth v. Proctor*, 425 Pa.Super. 527, 625 A.2d 1221 (Pa.Super.1993) (evidence established that mall parking lot was a trafficway because it was open to the public for shopping purposes in matter involving a DUI conviction); *Commonwealth v. Cozzone*, 406 Pa.Super. 42, 593 A.2d 860 (Pa.Su-per.1991) (parking area of condominium complex is a trafficway because it is generally open to the public); *Commonwealth v. Wilson*, 381 Pa.Super. 253, 553 A.2d 452 (Pa.Super.1989) (parking lot to Elk's Lounge is trafficway as it is generally open to the public).

absurd results. Such an application would require a vehicle traveling on the main road in a parking lot to stop and yield to all traffic at every "feeder" lane on the right side.

¶ 14 Based on the foregoing, we conclude that the trial court's instructions to the jury were erroneous. Furthermore, the trial court's instructions were misleading to the extent the jury was told that Marsico had a duty to yield to DiBileo's vehicle at the intersection in the parking lot. Thus, it was error for the trial court to deny Marsico's motion for a new trial. *See Fragale, supra.* For this reason, we are constrained to reverse the judgment entered in favor of DiBileo, and remand this matter for a new trial.

¶ 15 Judgment vacated. Case remanded. Jurisdiction relinquished.

¶ 16 CAVANAUGH, J. files a Concurring Opinion.

CAVANAUGH, J., Concurring.

¶ 1 I concur in the result reached by the majority. I concur since I believe that the majority correctly applies the structure and language of Pennsylvania law governing the operation of vehicles. I concur in the result only, because I cannot agree with the majority's conclusion that application of 75 Pa.C.S.A. § 3321 would lead to absurd results.

¶ 2 No one can deny that a significant portion of traffic movement in our Commonwealth is conducted on various forms of non-public highway land in the form of mall parking lots, commercial parking lots, and lots which adjoin strip shopping centers, stadiums, schools and sundry institutions. The precise portion, of course, is unknown. What is known, however, is that the portion will increase as our society becomes increasingly mobilized and suburbanized. The result is that we have an ever-burgeoning area of human activity that is essentially unregulated. That is why I believe that borrowing from the rules of the road would not be absurd in the present instance. It would not, in my opinion, be so bad to require that every vehicle on a parking lot "main road" recognize the superior rights of every vehicle on a "feeder" road arriving at approximately the same time on the right. Imposition of the legal rules of the road to this vast area of human conduct, now an unregulated free-for-all, would invite order where we now have chaos which is now only mitigated by a self-imposed standard of reasonableness to which, fortunately, most people conform.

¶ 3 Lawful conduct may appear to be inconvenient at times, but obedience to the law is a thing of beauty. To illustrate:

¶ 4 Suppose one is experiencing a bout of insomnia, and at 3:20 A.M., views from his hotel window a controlled intersection where no one is in sight—a vehicle comes to a halt in response to a red light and awaits the green, and has thereby performed an otherwise unwitnessed act in obedience to the law. In other words, the motorist has acted with astonishing orderliness which should induce an observer's serenity even to a degree that it might defeat insomnia.

¶ 5 Until the law provides some regulation to this attribute of our modern conurbation, cases will present themselves to the trial courts and they are faced with a puzzle: How to charge the jury?

¶ 6 On a basic level, everyone owes to others a duty of due care. The law of negligence requires that one exercise the standard of care of the average prudent individual under similar circumstances. *Kirr v. Suwak*, 336 Pa. 561, 9 A.2d 735 (1939). The manner in which an accident occurs is a circumstance to be considered in determining the issue of negligence.

*Cianci v. Burwell* 299 Pa.Super. 387, 445 A.2d 809 (1982). The jury may also be charged that every motorist has a duty to travel at a safe speed; to maintain a proper lookout; to keep his vehicle under control, and to observe the point and position of other objects, especially other vehicles in the area. I would further suggest that it would not be error, so long as it is not given the force of law, to advise the jury that in analogous situations (intersecting highways) there is a rule (§ 3321) that is in no way binding, but which might give guidance.