**Verba v. Eltringham**

C.P. of Lehigh County, no. 2003-C-0005.

*Michael A. Snover,* for plaintiffs.
*Richard D. Adamson,* for defendant Eltringham.
*Richard J. Margolis* and *John A. Livingood,* for defendant Kravco Maintenance Co.
*Charles J. Fonzone,* for additional defendant Verba.

McGINLEY, *J.,* June 9, 2005—Before this court are the post-trial motions of defendants, Kravco Maintenance Company and Veronica Eltringham. Eltringham seeks either a new trial or remittitur of the verdict. Kravco seeks a new trial, or remittitur, or in the alternative, judgment n.o.v. against additional defendant Ronald Verba, with a new trial for an assessment of a percentage of liability. Kravco also seeks to have plaintiffs' brief in opposition to the post-trial motions dismissed for being filed one day after the date set forth in the scheduling order dated March 3, 2005. Also before this court is plaintiffs' petition for delay damages.

## BACKGROUND

On February 17, 2001, the plaintiffs, Carolyn and Ronald Verba, drove together to the Lehigh Valley Mall. They parked their car in one of the outer parking lots and proceeded to walk toward the mall. In order to reach the mall from the outer parking lot, the Verbas had to cross what the parties referred to as the "ring road" within the mall's parking lot. The ring road consists of a four-lane roadway, with two lanes for each direction of travel, divided by a center double yellow line. There are no crosswalks on the ring road.

Plaintiffs proceeded across the first two lanes of traffic, holding hands. In the third lane of traffic the plain-

tiffs proceeded in front of a bus, which was stopped. Emerging from the other side, they began across the fourth lane of traffic. At some point the plaintiffs were no longer holding hands. Plaintiff/additional defendant Ronald Verba made it across the road. Plaintiff, Carolyn Verba did not. Before reaching the other side of the road, Mrs. Verba was struck by a vehicle driven by defendant, Veronica Eltringham, and knocked to the ground.

Eltringham's vehicle struck her leg and knocked her onto the hood of the vehicle (N.T. at p. 338), where her shoulder hit the hood of the vehicle. She was then thrown to the ground when the car came to a sudden stop, and landed in the roadway on her lower back. (N.T. at pp. 338-39.) Plaintiff suffered a lower back injury and a right shoulder injury.

A jury trial commenced on February 1, 2005, and ended with a jury verdict on February 4, 2005. The jury found the plaintiff, Carolyn Verba, 40 percent negligent; the defendant, Veronica Eltringham, 35 percent negligent; the defendant, Kravco, 25 percent negligent; and plaintiff/additional defendant Ronald Verba 0 percent negligent. The jury returned a verdict of $500,000 in favor of Carolyn Verba and $10,000 in favor of Ronald Verba on his loss of consortium claim.

Kravco filed a post-trial motion on February 11, 2005, seeking a new trial or remittitur and a judgment n.o.v. against Ronald Verba. Defendant Eltringham filed a post-trial motion on February 14, 2005, seeking a new trial or remittitur. On April 26, 2005, plaintiffs filed a brief in opposition to defendants' post-trial motions.

On May 6, 2005, defendant Kravco filed a motion to strike plaintiffs' brief in opposition as being filed one day after the deadline set forth in the scheduling order

dated March 3, 2005. However, there is a preference for deciding motions on the merits and so we deny defendant's motion to strike plaintiffs' brief.

## DISCUSSION

### New Trial

Kravco seeks a new trial in this matter, arguing that the trial court erred by precluding the introduction of evidence regarding who had the right-of-way at the time of the accident, by refusing to charge the jury on the right-of-way issue and by instructing the jury only with the standard charge on the duty of landowners.

Eltringham argues that the verdict is not supported by the evidence and is so excessive as to require a new trial.

It is well settled that the granting of a new trial is a matter within the discretion of the trial court. *Monschein v. Phifer,* 771 A.2d 18, 20 (Pa. Super. 2001); *Kiser v. Schulte,* 538 Pa. 219, 648 A.2d 1 (1994).

Kravco first argues that the trial court should not have precluded the introduction of evidence regarding right-of-way. At the time of trial, plaintiff made a motion in limine to limit the testimony of James Schuster, PE, with regard to the applicability of the Motor Vehicle Code and specifically 75 Pa.C.S. §3543.

75 Pa.C.S.§3543(a) states that "[e]very pedestrian crossing a roadway at any point other than within a crosswalk at an intersection or any marked crosswalk shall yield the right-of-way to all vehicles upon the roadway."

75 Pa.C.S. §102 defines the term "roadway" as "that portion of a highway improved, designed, or ordinarily used for vehicular travel . . ." and "highway" as the "width

between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel. The term includes a roadway open to the use of the public for vehicular travel on grounds of a college or university or public or private school or public or historical park."

It has been held that parking lot traffic lanes do not constitute "highways." *Marsico v. DiBileo,* 796 A.2d 997, 1001 (Pa. Super. 2002).

The plaintiffs' motion in limine was granted because section 3543 uses the term "roadway" which is defined by title 75 as a portion of a "highway," from which parking lot traffic lanes are specifically excluded pursuant to *Marsico. Id.*

For these reasons, testimony relating to the Motor Vehicle Code and right-of-way as set forth in section 3543 was properly excluded at trial.

Kravco further argues, however, that, even if the initial ruling with regard to *Marsico* was correct, that the trial court erred in extending that preclusion to any questioning regarding right-of-way even if not specifically based upon section 3543. Kravco contends that the trial court erred in refusing to allow cross-examination of Ronald Verba regarding the plaintiffs' failure to cross at an intersection and who had the right-of-way. (N.T. at pp. 206-207.) Ultimately, Kravco argues, this left the jury with no standard of care to apply to the plaintiffs in this case and prejudiced Kravco.

The court did not preclude all such evidence. During cross-examination of Ronald Verba, the following exchange took place:

"Mr. Livingood: You knew that the cars didn't have to stop for you?

"Mr. Snover: Objection to the form.

"The Court: The objection is overruled. You may answer the question.

"Mr. Livingood: You knew those cars didn't have to stop for you, didn't you?

"Mr. Verba: Not particularly.

"Mr. Livingood: Let me ask it this way, you, a pedestrian crossing in the middle of a block, as opposed to a car driving down that last lane, who had the right of way?

"Mr. Verba: We did.

"Mr. Snover: Objection, your honor.

"The Court: The objection is sustained. The jury is instructed to disregard the witness' answer." (N.T. at pp. 206-207.)

The question asked the plaintiff for a conclusion which conclusion was within the province of the jury to make under the facts and circumstances of the case.

The objection to this question was properly sustained and is not a basis for the grant of a new trial in this matter.

Kravco next argues that a new trial is warranted because the trial court erred in refusing to charge the jury on the right-of-way issue and by instructing the jury only with the standard duty of care owed by landowners.

In reviewing the parties' requests to charge, the trial court declined to include a charge regarding the duty of a pedestrian when crossing the street based upon 75 Pa.C.S. §3543. (N.T. at pp. 449-50.) In so doing, the court recognized that this statute was inapplicable and stated "I'm not going to tell them every duty a pedestrian has

when crossing the street. There's a duty of due care. How the jury wants to define it is up to them." (N.T. at p. 450.)

A trial judge has wide latitude in his or her choice of language when charging a jury, provided that the court fully and adequately conveys the applicable law. *Wilson v. Anderson,* 420 Pa. Super. 169, 173, 616 A.2d 34, 36 (1992). A new trial will not be granted based upon an erroneous jury instruction unless the jury charge in its entirety was unclear, inadequate, or tended to mislead or confuse the jury. *Marsico,* 796 A.2d at 1000; *Fragale v. Brigham,* 741 A.2d 788, 790 (Pa. Super. 1999). The defendant did not provide any other law to the court on the "right-of-way" issue other than its misplaced reliance on 75 Pa.C.S. §3543.

Defendant Eltringham also moves for a new trial, contending that the verdict is excessive and unsupported by the evidence.

A trial court may only grant a new trial when the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. *Criswell v. King,* 575 Pa. 34, 834 A.2d 505 (2003); *Divilly v. Port Authority of Allegheny County,* 810 A.2d 755 (Pa. Commw. 2002); *Orndoff v. Wilson,* 760 A.2d 1 (Pa. Super. 2000). The appellate courts are not free to substitute its judgment for that of the trial judge or jury when reviewing a jury verdict for excessiveness. *Carrozza v. Greenbaum,* 866 A.2d 369 (Pa. Super. 2004). Rather it is within the discretion of the trial court whether to grant or deny a new trial based on the excessiveness of a jury's verdict. *Id.*

In determining whether a jury's award of damages is supported by the evidence, the court must consider: (1) the severity of the injury; (2) whether the injury is dem-

onstrated by objective physical evidence or subjective evidence; (3) whether the injury is permanent; (4) the plaintiff's ability to continue employment; (5) the disparity between the amount of out-of-pocket expenses and the amount of the verdict; and (6) the damages plaintiff requested in the complaint. *Id.; Stoughton v. Kinzey,* 299 Pa. Super. 499, 503, 445 A.2d 1240, 1242 (1982).

A review of the evidence in this case shows that there was sufficient basis for the jury's award. At trial, Carolyn Verba testified that she had bruising on her lower legs for several weeks after the accident and suffered pain in her lower back and right shoulder. (N.T. pp. 347-49.) The plaintiff underwent an MRI which showed a fracture of the greater tuberosity bone in her upper right arm. (N.T. p. 356 and deposition testimony of Thomas DiBenedetto M.D. at p. 10.[1]) After the fracture healed, plaintiff underwent a procedure whereby her shoulder was manipulated while she was under anesthesia. (N.T. pp. 358-59.) The plaintiff eventually received a cortisone injection and finally underwent an arthroscopic surgical procedure to shrink the shoulder capsule. (N.T. pp. 369-70.)

Dr. DiBenedetto testified that, even with the surgical intervention, the plaintiff's injuries may never reach maximum medical improvement regarding her shoulder and that there is a 15-20 percent chance that she will need an open operative procedure in the future. (DiBenedetto deposition at pp. 41-44.)

---

1. The videotaped deposition of Thomas DiBenedetto M.D. was played for the jury during the trial. It is the transcription of that deposition to which we cite in this opinion.

Richard Schmidt M.D.[2] testified that the thermal capsular shrinkage surgery is not effective long-term and that generally over time the condition degenerates to preoperative condition. (Deposition of Dr. Schmidt at pp. 12-13.)

The plaintiff testified that she regularly suffers pain and stiffness in her shoulder and pain in her back when sitting for long periods of time or when bending. She has had and will continue to have trouble caring for her twin daughters due to this pain and stiffness. (N.T. pp. 366-68.) Plaintiff also now has one shoulder that is noticeably lower than the other, affecting her symmetry. (N.T. pp. 349-50.)

In addition, Gregory Huron D.C. testified that the plaintiff had decreased sensation in her L-4, L-5 dermatome, which demonstrated trauma to the nerve. (N.T. at p. 123.) He further testified that both the plaintiff's hips and shoulders were not balanced properly. His initial impressions included joint dysfunction, muscle spasm, restriction of motion and joint pain. (N.T. at pp. 124-26.) Dr. Huron also testified that it was his opinion that the plaintiff would never fully recover and be 39 percent more likely to suffer degenerative wear and tear within seven years. (N.T. at p. 138.)

Further, the jury was instructed that, if they found that the plaintiff's injuries would continue into the future, they must determine the life expectancy for the plaintiff. The trial court then provided that, according to statistics compiled by the United States Department of Health and Human Services, the life expectancy of all persons of

---

2. Dr. Schmidt's deposition testimony was played via videotape for the jury on February 3, 2005.

the plaintiff's sex and age at the time of the accident was 44.7 years. The jury was further instructed that this "figure is offered to you only as a guide, and you are not bound to accept it if you believe the plaintiff would live longer or less than the average individual in her category." (N.T. at p. 523.) The verdict of $500,000, when considered against the cited life expectancy of 44.7 years, averages out to approximately $11,000 per year. Moreover, the $500,000 verdict was reduced by 40 percent to reflect the jury's finding that the plaintiff was comparatively negligent.

The jury and trial judge are clearly in the best position to evaluate the evidence. *Nudelman v. Gilbride,* 436 Pa. Super. 44, 51, 647 A.2d 233, 237 (1994). It is within the jury's province to believe or disbelieve all or part of the testimony of any witness and arrive at a verdict, which it determines will compensate the plaintiff for their loss. *Stoughton v. Kinzey,* 299 Pa. Super. 499, 445 A.2d 1240 (1982).

Upon review of the evidence presented at trial, the jury's verdict was not so excessive as to shock one's sense of justice. Defendant's motion for a new trial is denied.

### *Remittitur*

In the alternative to a new trial, both Eltringham and Kravco seek a remittitur of the verdict.

In determining whether a defendant is entitled to remittitur of a damages award, the question is whether the award falls within the uncertain limits of fair and reasonable compensation or whether the verdict so shocks the sense of justice as to suggest that the jury was influenced by partiality, prejudice, mistake, or corruption. *Potochnick v. Perry,* 861 A.2d 277 (Pa. Super. 2004).

Remittitur is justified only in limited instances where the verdict is plainly excessive, exorbitant and beyond what the evidence warrants, *Murray v. Philadelphia Asbestos Corp.,* 433 Pa. Super. 206, 640 A.2d 446 (1994), *aff'd sub nom., Simmons v. Pacor Inc.,* 543 Pa. 664, 674 A.2d 232 (1996), or where the verdict resulted from partiality, prejudice, mistake or corruption. *Rafter v. Raymark Industries Inc.,* 429 Pa. Super. 360, 632 A.2d 897 (1993).

Whether the jury's verdict so shocks the sense of justice such that the trial court should have granted remittitur is a matter of law. *Bey v. Sacks,* 789 A.2d 232 (Pa. Super. 2001). In reviewing an award of damages, the courts should give deference to the decisions of the trier of fact who is usually in a superior position to appraise and weigh the evidence submitted. *Smalls v. Pittsburgh-Corning Corp.,* 843 A.2d 410 (Pa. Super. 2004). A court should not merely substitute its judgment for that of the fact-finder, but must review the record in light of the evidence accepted by the jury. *Id.*

Based upon the evidence presented at trial, as reviewed previously, we find that the jury's verdict was not so shocking as to require remittitur as a matter of law in this case. The evidence offered and accepted as credible by the jury established that the plaintiff suffered injuries and will never fully recover from those injuries. Defendants' motions seeking remittitur of the verdict are denied.

### Judgment n.o.v. With Regard to Ronald Verba

Kravco also seeks a judgment n.o.v. with a new trial for the assessment of liability against Ronald Verba. Kravco contends that judgment n.o.v. is appropriate in this case because "the evidence of Ronald Verba's negli-

gence was such that no two reasonable minds could disagree that he should have felt liable." (Defendant's brief in support at p. 15.) Initially, we note that whether or not Ronald Verba should have *felt* liable is not a legal standard for judgment n.o.v.

In deciding whether or not to grant judgment n.o.v. in favor of one of the parties, the court must consider the evidence together with all reasonable inferences drawn therefrom in a light most favorable to the verdict winner. *Janis v. AMP Inc.,* 856 A.2d 140, 143 (Pa. Super 2004). There are two bases upon which a judgment n.o.v. can be entered; one, the movant is entitled to judgment as a matter of law and/or two, the evidence is such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. *Id.* at 143-44; *Capital Care Corp. v. Hunt,* 847 A.2d 75, 81-82 (Pa. Super. 2004).

In this particular case, Kravco argues that Ronald Verba led his wife into a position of danger by letting go of his wife's hand and speeding up when perceiving the threat of the oncoming Eltringham vehicle.

The evidence was such that the jury could conclude that Mrs. Verba alone was responsible for her safety. It is clear that she was aware that she needed to look both directions before proceeding across the street. (N.T. at pp. 206, 333, and 379.) The jury in this case held the plaintiff, Carolyn Verba, liable for her own failure to avoid the oncoming vehicle without finding any liability therefore on the part of her husband, Ronald Verba, which a reasonable mind could conclude.

We find Kravco's motion to be without merit. The apportionment of liability by the jury was supported by competent evidence. Kravco's motion for judgment n.o.v.

with a new trial for an assessment of liability against Ronald Verba is therefore denied.

## ORDER

And now, June 9, 2005, upon consideration of defendant Kravco Maintenance Company, c/o Kravco Company's motion for post-trial relief filed February 11, 2005, defendant, Veronica Eltringham's motion for post-trial relief filed February 14, 2005, the opposition of plaintiffs, Carolyn Verba and Ronald Verba, filed April 26, 2005, the defendant Kravco Maintenance Company, c/o Kravco Company's motion to strike plaintiffs' brief in opposition filed May 6, 2005, after argument held May 9, 2005, and in accordance with the opinion attached hereto, it is ordered that the motion to strike plaintiffs' brief of defendant Kravco Maintenance Company, c/o Kravco Company is denied.

It is further ordered that the motion for post-trial relief of defendant Kravco Maintenance Company, c/o Kravco Company is denied.

It is further ordered that the motion for post-trial relief of defendant Veronica Eltringham is denied.