### Shouraie ZARRIN, Appellee

v.

### Roxanne L. JEFFRIES–BAXTER, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 29, 2007.
Filed Nov. 29, 2007.

Jonathan J. Sobel, Philadelphia, for appellant.

Shouraie Zarrin, appellee, pro se.

BEFORE: BENDER, McCAFFERY and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Roxanne L. Jeffries–Baxter appeals from the $1,928.50 judgment entered against her on April 19, 2007, after the Philadelphia County Court of Common Pleas found she had breached the terms of a residential lease. We affirm.

¶ 2 On December 22, 2004, appellant and appellee Shouraie Zarrin executed a residential lease for a two-bedroom apartment. Record, No. 3, Complaint, Exb. B, Residential Lease Form. The lease was for an agreed upon one-year term. Under the terms of the lease, appellant was required to tender monthly payments in the amount of $785. Appellant remitted payments for the first month's rent, the second month's rent, and a $785 security deposit immediately after executing the lease. The lease provided that all rental payments remitted after five days of becoming due would be subject to a ten percent (10%) late fee. The lease further provided:

> 20. Landlord and tenant specifically agree that in the event the tenant falls behind in rental payments and landlord obtains an attorney for the purpose of collecting unpaid rent; and in the event landlord and tenant eviction proceedings are brought against the tenant for non-payment of rent, use of the garage, or any other reason, tenant shall be responsible for, and obligated to pay all costs, expenses and/or attorney fees incurred by landlord. Tenant specifically agrees to the foregoing and understands that the costs, expenses, and attorney's fees may be at least $650.00.

*Id.* Attachment A, at ¶ 20.

¶ 3 On December 6, 2005, appellee filed a landlord-tenant action against appellant in the Philadelphia municipal court. *See generally,* 42 Pa.C.S.A. § 1123, **Jurisdiction and venue, (a)(3) General rule.** On December 28, 2005, the municipal court entered judgment in favor of appellee in the amount of $2,131 and granted appellee possession of the subject premises. Record, No. 1, Case Docket View. On January 9, 2006, appellant filed a timely notice from this decision in the Philadelphia Court of Common Pleas thereby exercising his right to a *de novo* appeal. *See* 42 Pa. C.S.A. § 1123(a)(3), *supra.*

¶ 4 On June 16, 2006, appellee filed a complaint in the Philadelphia Court of Common Pleas alleging, *inter alia,* appellant had refused to tender rental payments due under the terms of the lease. Record, No. 3, *supra.* The complaint sought a total of $4,227 in unpaid rent, late charges, and legal fees. *Id.* Appellant filed an answer, new matter and counterclaim sounding in breach of contract demanding the return of her $785 security deposit on July 5, 2006. Record, No. 5.

¶ 5 A non-jury trial was scheduled for June 26, 2006, but was continued by agreement of counsel until July 24, 2006. The parties, thereafter, continued trial a second time by mutual agreement until December 11, 2006. When the date for trial arrived, appellant did not appear. Appellant's counsel did enter an appearance, however, and argued the trial court should grant another continuance due to the fact that appellant "may [have been] confused" about the date of trial. N.T., 12/11/06, at 1. Counsel's request was refused.

¶ 6 After considering the evidence presented *de novo,* the trial court entered the judgment subject of this appeal. Post-trial motions were denied by Order filed on April 19, 2007, and appellant filed a timely notice of appeal.[1] The trial court issued an Opinion on July 6, 2007.

---

1. Appellee argues appellant's notice of appeal was untimely pursuant to Pa.R.A.P. 903, **Time for Appeal,** (a) **General rule,** in that the notice was filed on May 21, 2007, over 30 days after judgment was entered on April 19, 2007.

Appellant's 30-day window for filing a notice of appeal expired on May 19, 2007. A review of the calendar, however, shows that May 19th fell on a Saturday this year. Accordingly, appellant's notice of appeal, which was filed on the following Monday, was timely by operation of law. *See* Pa.R.A.P. 107, **Rules of Construction** (providing the rules of construction contained within Chapter 19 of

¶ 7 Appellant raises two issues for our review:

A. The Trial Court Erred in Denying the Motion for a Continuance and/or Bifurcation.

B. The Finding in Favor of Appellee was Against the Great Weight of the evidence.

Appellant's brief at 10, 12.[2]

■ ¶ 8 We employ a two-step analysis in conducting appellate review over a trial court's decision to deny a request for a new trial. *Marsico v. DiBileo*, 796 A.2d 997, 1000 (Pa.Super.2002), *citing Harman ex. rel. Harman v. Borah*, 562 Pa. 455, 756 A.2d 1116, 1122 (2000). First, we must determine whether the trial court made a mistake. If the alleged mistake involves an error of law, we scrutinize the record accordingly. *Id.*, *citing Harman, supra* at 1123. If the alleged mistake involves a discretionary act, we review for an abuse of discretion and if this Court determines a mistake was indeed made, then we review the trial court's refusal to grant a new trial for an abuse of discretion as well. *Id.*

■ ¶ 9 With respect to the first issue raised, appellant argues the trial court abused its discretion by refusing to grant her post-trial motion seeking a new trial. In an attempt to bolster her position, appellant points to the Note to Pa.R.C.P.

218, **Party Not Ready When Case is Called for Trial,** which provides, in relevant part, as follows: "A decision of the court following a trial at which the defendant failed to appear is subject to the filing of a motion for post-trial relief which may include a request for a new trial on the ground of a satisfactory excuse for the defendant's failure to appear." [3]

¶ 10 Appellant offers no excuse for her failure to appear at trial aside from her bald allegation that "she was confused about the trial date having just finished up another trial across the street in City Hall." Appellant's brief at 11. From what we can discern, appellant seems to be suggesting her confusion was a "special circumstance" that would have allowed the trial court to grant a continuance in the first instance. *See* Pa.R.C.P. 216(A)(4), **Grounds for Continuance.**

¶ 11 Rule 216, the provision which governs continuance requests, does not provide support for appellant's position that a continuance can be granted simply because a litigant contends she was confused. The grounds for continuance provided by Rule 216 are premised on the idea that continuances should be granted where circumstances beyond a litigant's control make it impossible or fundamentally unfair for the proceedings to progress unabated. In this

the Pennsylvania Consolidated Statutes apply to the Pennsylvania Rules of Civil Procedure); *see also* 1 Pa.C.S.A. § 1908, **Computation of time.**

2. We refer appellant's counsel to Pa.R.A.P. 2116, **Statement of Questions Involved,** (a) **General rule for future reference.** Appellant's statement of questions contains both issues raised in a single convoluted paragraph. The headings in appellant's argument set forth the issues in a more concise fashion and, as such, we have relied on these headings in stating what issues are presented in this appeal.

3. Appellant also contends the trial court should have granted her request for bifurcation. The trial transcript does not indicate this request was ever made and the certified record does not contain a written motion for bifurcation. In any event, the trial court is vested with the authority to bifurcate a proceeding "in furtherance of convenience or to avoid prejudice." Pa.R.C.P. 213(b), **Consolidation, Severance and Transfer of Actions and Issues within a County. Actions for Wrongful Death and Survival Actions.** Appellant offers no argument in support of her contention that the trial court abused its discretion in exercising this authority.

instance, appellant concedes, albeit by substituting the word "confusion" for the phrase "I forgot," she simply did not remember trial was scheduled for December 11, 2006. The trial court did not abuse its discretion in finding it did not err in refusing appellant's request for a continuance. *Marsico, supra* at 1000. Furthermore, even if we assume *arguendo* the trial court erred in refusing to grant a continuance, the trial court did not abuse its discretion in concluding this error did not result in prejudice; appellant's counsel was present for the trial and ably represented appellant's interests. *Id.*

¶ 12 Turning to the second issue raised, appellant argues the trial court incorrectly weighed the evidence presented. Appellant's brief at 12–16. In support of this argument, appellant offers a meandering and unorganized list of alleged errors she believes the trial court committed. After carefully reviewing appellant's argument, we were able to tease out the following substantive allegations of error.

¶ 13 First, appellant alleges the trial court erred by allowing appellee's husband, the property manager of the subject premises, to testify. Appellant's brief at 13–14. Second, appellant alleges the trial court erred in giving weight to appellee's husband's testimony due to the fact that both the lease and the complaint filed in the Philadelphia Court of Common Pleas contained errors. *Id.* Third, appellant alleges the trial court's decision to allow appellee to keep the security deposit without any evidence appellant damaged the subject premises was erroneous because it awarded appellee, for all practical purposes, rent from December 21, 2005, the date when the lease term was to terminate, until January 21, 2005. *Id.* at 14–15. Finally, appellant alleges the trial court's award of $1,850 in attorney's fees is not

supported by sufficient evidence. *Id.* at 16–17.

¶ 14 We are uncertain as to whether appellant is attempting to raise an evidentiary challenge, is attempting to challenge the sufficiency of the evidence, is attempting to challenge the manner in which the evidence was weighed, or all of the above. Appellant's deficient statement of questions involved phrases the challenge as follows: "Secondly, the trial court erred in denying the motion for a new trial as the testimony elicited at trial did not warrant a finding in favor of Appellee and against Ms. Jeffries–Baxter." Appellant's brief at 4. The corresponding argument heading phrases the issue as a challenge to the weight of the evidence and the argument section cites to the governing legal standards for reviewing a weight of the evidence challenge. Appellant's brief at 12.

¶ 15 Instead of entering a labyrinth of conjecture in an attempt to address appellant's list of concerns, we will treat appellant's challenge in a manner that corresponds to the way in which it is titled and initially presented—as a challenge to the weight of the evidence. It is not this Court's role to reclassify challenges and reorganize a litigant's brief so we can conduct meaningful review. Rather, appellant carries the burden of presenting her position in an orderly and logical manner.

¶ 16 Accordingly, appellant's challenges to the admission of appellee's husband's testimony, her challenge to the sufficiency of the evidence underlying the damage award, and her challenge to the sufficiency of the evidence underlying the award of attorneys' fees are irrelevant to our analysis. *See e.g., Fanning v. Davne,* 795 A.2d 388, 393 (Pa.Super.2002) ("This Court has recognized that a weight of the evidence challenge concedes that there was evidence sufficient to sustain the verdict, but the verdict was against the weight of the evi-

dence."), *appeal denied* 573 Pa. 697, 825 A.2d 1261 (2003), *citing Armbruster v. Horowitz,* 744 A.2d 285, 286 (Pa.Super.1999). We are left with appellant's allegation that the trial court improperly weighed appellee's husband's testimony due to the fact that both the common pleas complaint and the lease contained errors. This allegation is frivolous.

¶ 17 Appellant alleges appellee's husband conceded that "the very address of the property where [appellant was] seeking monetary relief from was incorrect." Appellant's brief at 14.[4] Appellant further alleges the common pleas complaint misstated when the lease allowed for late charges to be imposed on past due rental payments. *Id.*

¶ 18 Appellee's counsel drafted the common pleas complaint. *See* Record, No. 3, at 3, accord N.T., 12/11/06, at 12. No evidence exists in the certified record indicating appellee's husband had any role in drafting any legal document relevant to this case. It stretches the bounds of reason to argue that the husband, who is not even a party to this action, cannot be believed simply because he did not edit his wife's counsel's work. While appellant also alleges the lease "contained significant errors," this allegation stands alone; immediately after appellant forwards this allegation, her argument reverts back to pointing out the alleged errors in the common pleas complaint. Appellant's brief at 14. The trial court did not abuse its discretion in determining that it properly

weighed the evidence. *Marsico, supra* at 1000.

¶ 19 Judgment affirmed.

---

4. Appellant's allegation that the complaint misstated the address of the subject premises is misleading. The complaint states damages were being sought under "a written lease agreement for the premises 4036 Brandywine Park Rd." Record, No. 3, at ¶ 3. The portion of the hearing transcript appellant points to in attempting to substantiate the allegation that appellee's husband "admitted" to this error also belies appellant's allegation. The husband did admit the complaint misstated the address appellant lived at prior to moving to the leased premises. N.T., 12/11/06, at 13–14. He did not admit, contrary to appellant's dubious allegation, the address given in the complaint for the leased premises was wrong. *Id.*