J-S25037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DREXEL UNIVERSITY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHNSON S. MULBAH JR. | : | |
| | : | |
| Appellant | : | No. 3094 EDA 2023 |

Appeal from the Judgment Entered October 26, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2013-35692

BEFORE:  DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED AUGUST 15, 2024**

Johnson S. Mulbah, Jr. ("Mulbah") appeals from the October 26, 2023 judgment entered in favor of Drexel University ("Drexel") in the amount of $11,285.82, after the Montgomery County Court of Common Pleas ("trial court") granted Drexel's motion to reassess damages against Mulbah.[1] Mulbah argues that the trial court abused its discretion in failing to provide him additional time to introduce documents showing he made payments to Drexel.  After careful review, we affirm.

_____

[1] Mulbah filed his notice of appeal from the order granting Drexel's motion to reassess damages.  It is well established that an appeal properly lies from a judgment, not the order granting the motion to reassess.  ***See generally Nazarak v. Waite***, 216 A.3d 1093, 1098 n.1 (Pa. Super. 2019).  We have changed the caption to reflect Mulbah's timely appeal is from the entry of judgment.

We glean the following facts and procedural history from the sparce record before us. Mulbah received a loan to attend college but did not make any payments to repay the loan. In 2013, Drexel sued Mulbah to collect on this unpaid loan in the amount of $5,600. He did not respond to the complaint. Following a hearing, at which Mulbah did not appear, a magisterial district judge awarded Drexel default judgment of $9,340.56, which included the loan amount, late fees, collection costs, and interest. Mulbah did not appeal.

In the intervening years, Mulbah personally did not make any payments on the loan or the judgment, despite Drexel's numerous attempts to collect payment. However, Drexel was able to recover $2,637.56, via a writ of execution on Mulbah's bank account, as credit on the outstanding loan amount. On October 10, 2023, Drexel filed a motion to reassess damages to reflect additional costs accrued since 2013. The trial court held a hearing on October 25, 2023, with Mulbah present.

During this hearing, Mulbah challenged Drexel's claimed damages, arguing that the amount was incorrect as a trustee assigned to his previous bankruptcy had already paid the balance. He also asserted that the statute of limitations has run on the matter and that he does not owe Drexel anything. Ultimately, the trial court granted Drexel's motion to reassess, finding the new amount due to be $11,285.82. Judgment in that amount was entered against Mulbah.

Mulbah filed a timely appeal, and now raises the following issue for our review:

> Did the court abuse its discretion in not allowing the record to remain open so that Mulbah could obtain documents from the United States Trustee assigned to his prior bankruptcy, in order to establish that payments made to Drexel by the Trustee should reduce the amount claimed by Drexel in its Motion to Reassess Damages, where Mulbah raised this issue at the hearing, where although providing Mulbah with the opportunity to explain this defense at the hearing the court ignored Mulbah's request to obtain these additional documents, and where the court failed to address this issue in its entirety in the Opinion dated December 13, 2023?

Mulbah's Brief at 3.

Mulbah argues that the trial court abused its discretion in granting Drexel's motion to reassess. *Id.* at 6. Mulbah contends that the trial court effectively denied his request that the hearing be continued so that he could obtain documents from his bankruptcy trustee that could be presented as evidence that he paid off the loan. *Id.* at 6, 8. According to Mulbah, the trustee assigned to his prior bankruptcy had paid Drexel and he no longer owed anything on this loan. *Id.* at 6. Additionally, he alleges that he "showed good reason and a proper showing for his request for a continuance (or in substance that the record be reopened), by explaining both his efforts to locate relevant documents before the hearing as well as his intention to request documents from the Trustee." *Id.* at 7-8.

"The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an

abuse of discretion." ***Commonwealth v. Randolph***, 873 A.2d 1277, 1281 (Pa. 2005). Likewise, we review a claim of trial court error for failing to reopen the record for consideration of additional evidence for an abuse of discretion. ***Commonwealth v. Beck***, 560 A.2d 1370, 1373-74 (Pa. 1989). "Abuse of discretion is not merely an error of judgment" but occurs if "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record." ***Randolph***, 873 A.2d at 1281 (citations omitted).

Preliminarily, the record does not reflect that Mulbah requested a continuance prior to the hearing date or at the hearing. In fact, Mulbah fully participated in the hearing and argued that the judgment sought by Drexel was incorrect. N.T., 10/25/2023, at 3-8. At the conclusion of the hearing, Mulbah merely stated the following: "if he's telling me [] he did not receive any payment from the trustee, can they reschedule so my lawyer, Mr. Pulaski, can get the … payments from the trustee to prove him wrong that he received payments from them?" N.T., 10/25/2023, at 11-12. As Mulbah never requested a continuance before the trial court, that claim is waived. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Even if Mulbah had requested a continuance, he failed to offer any justification for the trial court to grant such a request. "The grounds for

continuance [are] provided by Rule 216 [and] are premised on the idea that continuances should be granted where circumstances beyond a litigant's control make it impossible or fundamentally unfair for the proceedings to progress unabated." ***Zarrin v. Jeffries-Baxter***, 937 A.2d 1126, 1129 (Pa. Super. 2007); ***see also*** Pa.R.Civ.P. 216 (listing reasons for granting a continuance).

Mulbah likewise waived any claim that the trial court should have reopened the record to allow him to present evidence of payments made by the trustee as he never made that request before the trial court. Pa.R.A.P. 302(a).

In light of the foregoing, we affirm the entry of judgment in favor of Drexel.

Judgment affirmed.

Judge Dubow joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/15/2024